CRUVER MANUFACTURING COMPANY *vs.* HENRI ROUSSEAU.

Bristol.    October 24, 1921. — November 23, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* What constitutes.    *Evidence,* Presumptions and burden of proof.

If, at the trial of an action for breach of an alleged contract for the purchase of certain advertising matter, it appears that an order for the materials was given by the defendant on a December 27 and bore upon its face a statement that it was "subject to acceptance by home office at Chicago" in the State of Illinois, and that on the January 6 following the giving of the order the defendant wrote to the plaintiff that he wished to cancel the order; and evidence of the plaintiff tending to show that the order was accepted by the "home office at Chicago" on January 2 is controverted by evidence of the defendant; a request for a ruling that on all the evidence the finding should be for the plaintiff properly may be refused, and a finding for the defendant is warranted.

CONTRACT for breach of a contract, alleged to have been made by the defendant with the plaintiff, to receive and pay for certain advertising materials.    Writ in the Second District Court of Bristol dated February 5, 1919.

A provision of the alleged contract was as follows: "This order is subject to acceptance by home office at Chicago, Ill.    It is a condition of this order that it is not subject to countermand or reduction.    Goods wanted for special occasion, that cannot be used unless shipped on or before a certain date, must positively be so specified below; otherwise customer agrees to accept and pay for goods if shipped later than date given, as goods made to order generally have no value to others."

On appeal to the Superior Court, the action was heard by *Dubuque,* J., without a jury.    Material evidence and exceptions saved by the plaintiff are described in the opinion.    The judge refused to rule that on all the evidence the finding should be for the plaintiff and found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips,* for the plaintiff.

*D. R. Radovsky & H. W. Radovsky,* for the defendant.

CARROLL, J.   On December 27, 1918, the defendant signed a written order for advertising material to be supplied by the plaintiff.   One of its terms was that "This order is subject to acceptance by home office at Chicago, Ill."   On January 6, 1919, the defendant wrote from Fall River to the plaintiff that he had sold his business and wished to cancel the order.   The manager of the plaintiff, in one of his depositions, stated that on January 10, 1919, he wrote the defendant acknowledging the receipt of the letter of January 6, and urging the defendant to reconsider his declination to carry out the contract.   This letter was received by the defendant.   In a second deposition the plaintiff's manager claimed that on January 2, 1919, he sent a "verification sheet," referring to said order, to the defendant by United States mail. He further testified that January 2 was the date when this order was accepted and passed to the manufacturing department.   The defendant denied that he received this communication of January 2.   The case was heard in the Superior Court by a judge sitting without a jury.   He refused the plaintiff's request that upon all the evidence the findings should be for the plaintiff, and found for the defendant.   To the denial of its motion the plaintiff excepted.

It was incumbent on the plaintiff to prove that the defendant's proposal was accepted and notice of acceptance sent to the defendant.   The proposal of December 27, 1918, was not a contract binding on the parties until accepted by the plaintiff, and until it gave notice of such acceptance, the defendant could revoke the offer.   See Smith v. Gowdy, 8 Allen, 566; Montgomery Ward & Co. v. Johnson, 209 Mass. 89; Kehlor Flour Mills Co. v. Linden, 230 Mass. 119; Bauman v. McManus, 10 L. R. A. (N. S.) 1138.

To complete the contract it was necessary for the plaintiff to communicate its acceptance to the defendant, see Bishop v. Eaton, 161 Mass. 496, 500.   No question of law is open on the record; it was a question of fact and not a question of law whether the plaintiff accepted the order of the defendant and mailed its acceptance to him.   The defendant testified that he never received the letter dated January 2, and in the first deposition of the plaintiff's manager it did not appear that such a letter had been sent.   The judge may not have believed the plaintiff's testimony and he may have found as a fact, that this letter of January 2 was never

mailed and that the plaintiff had not in fact accepted the defendant's proposal when the defendant's revocation of the order was received. These were questions of fact which cannot be reviewed and there was no error of law in denying the plaintiff's motion.

Certain interrogatories answered by the defendant, relating to the conversation with the plaintiff's salesman, and giving the defendant the right to cancel the order, were offered in evidence by the plaintiff. The evidence of the defendant, that the plaintiff's agent told him he could cancel the order if he changed his business, was admitted *de bene*, and was subsequently excluded. As we interpret the bill of exceptions, the judge excluded all this parol evidence and decided the case without placing any reliance on it; and in our consideration of the case we have disregarded this testimony.

*Exceptions overruled.*