JAMES J. MELLEN *vs.* EMMA A. JOHNSON.

Essex.    December 2, 1947. — January 5, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Contract,* What constitutes, For sale of real estate.

A letter from an agent of the owner of certain real estate stating that the owner had "expressed a desire to dispose of" the property; that the agent was "writing the several people, including" the addressee, "who have previously expressed an interest in the property"; that "our price is $7,500"; and concluding, in part, "I will be interested in hearing from you further if you have any interest in this property, for as I said before, I am advising those who have asked for an opportunity to consider it," was not, and could not have been reasonably understood by the addressee to be, an offer capable of forming a contract upon acceptance.

BILL IN EQUITY, filed in the Superior Court on April 1, 1947.

The suit was heard by *Baker,* J.

*W. E. Cunningham,* for the defendant.

*A. K. Carey,* for the plaintiff.

WILKINS, J.    This is a bill in equity for specific performance of a contract to convey real estate. From a final decree ordering conveyance upon payment of the purchase price, the defendant appealed. The judge made a report of the material facts found by him. G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1945, c. 394, § 1. The evidence is reported.

The defendant is the owner of two parcels of land with the buildings thereon at 74 and 75 Willow Road, Nahant. On March 27, 1947, the defendant's son-in-law, Edward Hicks, who was her agent to sell the property, wrote the following letter to the plaintiff's brother-in-law, who was his agent as to this subject matter: "You will perhaps remember that we spent a pleasant visit . . . on the break water at Nahant last summer. On that occasion either you or your brother-in-law expressed an interest in my Mother's

property which is the Johnson cottage. I told you that I would contact you if and when my Mother expressed a desire to dispose of her property. Well, that time has arrived and her health is such that she will not be able to open the cottage this year. She has, therefore, decided that it will be best to place the property on the market, however, before turning it over to the real estate agents, I am writing the several people, including yourself, who have previously expressed an interest in the property. Our price is $7,500. This property consists of the lot and cottage on the south side of Willow Road, and also a very large plot on which a two car garage is situated running from Willow Road clear through the block to the next street. Just how much property there is in this tract, I cannot tell you at the moment. I can say, however, that it is a large tract which would offer possibilities for further building. The price of $7,500 would include the entire property on both sides of Willow Road. The cottage is in very good condition. There are three rooms downstairs with a large entry hall, and a sun porch, also three good sized bedrooms upstairs, with bath. Hardwood floors throughout, hot water heat and is suitable for all year round occupancy if desired. The oil burner is in good condition and the house is far better built than most of the new constructions of today. I will be interested in hearing from you further if you have any interest in this property, for as I said before, I am advising those who have asked for an opportunity to consider it. I might just add that the property would be available for immediate occupancy. By that I mean within such time as the present furnishings could be removed and title transferred."

On March 28 Hicks received a telegram from the plaintiff's brother-in-law which read: "We are interested in your offer. Will look at house tomorrow. Communicate with you first of week." On the same day shortly after the telegram was received Hicks telegraphed the plaintiff's brother-in-law: "Have heard from three interested buyers tonight which means we must accept highest bid for Nahant property. Suggest you wire or phone me Elmsford N. Y.

7292 Saturday your best offer on cash basis." Before this was received the plaintiff's brother-in-law telegraphed Hicks: "I accept your offer on Nahant cottage. Letter in mail."

It is unnecessary to recount the subsequent communications of the parties other than to state that the defendant entered into a written contract to sell the property to someone other than the plaintiff. This sale has not been completed pending this suit.

The judge in his report of material facts stated: "I find the defendant knowingly led the plaintiff to believe she had submitted an offer to sell the premises in question for $7,500 in the letter of Hicks dated March 27, 1947, and that the plaintiff accepted the offer by the same means of communication, namely, United States mail, in good faith within a reasonable time following the receipt of the offer and prior to any knowledge that the offer had been revoked or withdrawn, and that he was ready, willing and able to pay the purchase price of $7,500."

"Knowingly to lead a person reasonably to suppose that you offer and to offer are the same thing." *Brauer* v. *Shaw*, 168 Mass. 198, 200. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, 542. *Phoenix Spring Beverage Co.* v. *Harvard Brewing Co.* 312 Mass. 501, 506. "The question of whether a contract was so made was one of law for the court, as there was no ambiguity and as nothing appears in the letters permitting a factual inference." *DeVito* v. *Boehme & Rauch Co.* 239 Mass. 290, 294. *Crane Construction Co.* v. *Commonwealth*, 290 Mass. 249, 253.

The letter of March 27 was not an offer. It expressed "a desire to dispose of" the property. It announced that the agent was "writing the several people, including yourself, who have previously expressed an interest in the property." Its conclusion, in part, was, "I will be interested in hearing further from you if you have any interest in this property, for as I said before, I am advising those who have asked for an opportunity to consider it." The recipient could not reasonably understand this to be more than an attempt at negotiation. It was a mere request or sugges-

tion that an offer be made to the defendant. *Smith* v. *Gowdy*, 8 Allen, 566, 567. *Montgomery Ward & Co.* v. *Johnson*, 209 Mass. 89, 91. *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association*, 211 Mass. 398, 405. *Cronin* v. *National Shawmut Bank*, 306 Mass. 202, 210. *Hough* v. *Brown*, 19 N. Y. 111, 114–115. *Patrick* v. *Kleine*, 127 Misc. (N. Y.) 88. *Moulton* v. *Kershaw*, 59 Wis. 316, 320. Restatement: Contracts, § 25, comment a, illustration 4.

The final decree is reversed, and a decree is to be entered dismissing the bill with costs. An appeal by the plaintiff from the decree denying the plaintiff's petition to adjudge the defendant in contempt for violation of the decree which is herein reversed and the further appeal by the plaintiff from the decree allowing the motion of the defendant to stay the equity proceedings have become immaterial, and are dismissed.

*So ordered.*