M. ABBIE SYMONDS, administratrix, & another *vs.* ALICE C. HARDY, administratrix.

Essex.   March 3, 1952. — April 3, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* What constitutes, Consideration.

Even if a daughter, long after acquiring by survivorship full ownership of a bank deposit previously standing in the names of herself and her mother jointly, made a promise to her brother's widow as an individual or as administratrix of his estate to pay the widow a specific sum on account of the deposit, it did not appear that the widow furnished any consideration for such a promise or was entitled in either capacity to maintain an action for failure to perform it.

CONTRACT OR TORT by M. Abbie Symonds as administratrix of the estate of Harlan E. Symonds and individually. Writ in the Superior Court dated September 16, 1948.

The action was tried before *Baker,* J. It was recited in the bill of exceptions that the action was one "of contract . . . in which the plaintiff seeks to recover damages . . for breach of an alleged agreement to pay the plaintiff the sum of" $2,000.

*J. F. Henry,* for the defendant.

*J. H. Flanagan,* (*Joseph J. Walsh* with him,) for the plaintiffs.

LUMMUS, J. The defendant is the administratrix of the estate of her mother, Marion E. Cheney. There was a verdict for the plaintiff for $2,540. The defendant had moved for a directed verdict in her favor, and had excepted to the denial of her motion. The verdict was taken under leave reserved, and the defendant excepted to the denial of her motion for the entry of a verdict for the defendant under leave reserved. The individual plaintiff will hereinafter be called the plaintiff. There was evidence of the following facts.

Charlotte Symonds, who died on June 15, 1942, was the mother of Marion E. Cheney and of the plaintiff's husband Harlan E. Symonds, who died on July 10, 1942. Charlotte Symonds had a savings bank deposit in her name and that of Marion E. Cheney, jointly. The administrator of the estate of Charlotte brought a petition against the plaintiff and Marion E. Cheney, claiming the whole deposit for the estate of Charlotte, but failed to establish title. The plaintiff as administratrix of the estate of Harlan E. Symonds brought a petition, claiming half the deposit for his estate, but failed to establish title. Consequently Marion E. Cheney succeeded in her claim to the whole deposit. The result was ill feeling between the plaintiff and Marion E. Cheney.

Before the decrees concerning the bank deposit were rendered, the plaintiff saw Marion E. Cheney in the fall of 1943, and asked her to carry out her expressed intention to give part of the bank deposit to the plaintiff's husband,

then deceased, but Marion E. Cheney refused to do anything about the matter.

The plaintiff relies upon a letter written to her by Marion E. Cheney in the fall of 1946, which read as follows: "If you know how I am suffering ever since last Xmas I think you could find it in your heart to forgive me I know I could you. I did very wrong but I was not wholly to blame it was someone in the family. Now you probably know that lawyers charge terrible price so I spent so much paying them I haven't so much left. You see I have a cancer in my womb, a vaginal rectal fistula and where I fell off the horse years ago and couldent [*sic*] get up without help for 2 or 3 years I feel thats bothering me now my spine is partly paralyzed and I havent [*sic*] walked since the last of July I have had to sell the house I traded for with Fred Hardy but I havent [*sic*] spent all yet and would you write a letter and would you be satisfied with 2000. I dont know just where I will be but you can find me I want to die square with the world I may be at Rest Home in Middleton." The plaintiff answered that letter, but to what effect does not appear in the record.

After the plaintiff received and answered that letter she saw Marion E. Cheney at the Crockett Sanatorium in North Andover on October 21, 1946, five days before the latter died. The plaintiff testified that Marion E. Cheney asked her, "Would you be willing to settle for two thousand dollars?" and the plaintiff answered, "Yes, that is all I ask. I only ask for what was rightfully coming to Harley," the plaintiff's deceased husband. The plaintiff testified that Marion E. Cheney asked her forgiveness, and that the plaintiff forgave her. A woman named Tansey who went with the plaintiff to see Marion E. Cheney in North Andover testified that Marion E. Cheney told the plaintiff that she was sorry for what she had done and "would make it right for her."

Whether the letter written by Marion E. Cheney to the plaintiff constituted a contract was a question of law for the court. *Mellen* v. *Johnson*, 322 Mass. 236, 238. The

letter merely asked the plaintiff whether she would "be satisfied with 2000," but promised nothing. No promise was made at the conversation at North Andover to pay any particular sum, although there was testimony that Marion E.' Cheney said that she "would make it right for" the plaintiff.

In the letter Marion E. Cheney said to the plaintiff, "would you write a letter and would you be satisfied with 2000." Even if that could be construed as a promise, the question would remain whether there was any consideration. The writing of a letter expressing satisfaction with $2,000 could not reasonably be held the stipulated price of Mrs. Cheney's promise. Rather it was merely a condition of a contemplated gratuity. Williston, Contracts (Rev. ed. 1936) § 112. Even if the writing of such a letter were the intended consideration, the terms of the plaintiff's letter to Mrs. Cheney are not in the record, and we cannot know that the plaintiff furnished the consideration called for.

In her capacity as administratrix of the estate of Harlan E. Symonds, in which also she seeks to maintain this action, the plaintiff is not shown to have acquired any contractual right by any promise made more than four years after Harlan E. Symonds died, as the promise in this case was made if made at all.

We think that the plaintiff shows no right to recover in either of the capacities in which she brings this action.

*Exceptions sustained.*
*Judgment for the defendant.·*