FRANK M. KUZMESKUS *vs.* PICKUP MOTOR COMPANY, INC.

Franklin.     September 17, 1953. — November 3, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract,* What constitutes. *Sale,* Contract of sale. *Practice, Civil,*
Case stated, Order for judgment.

The report of an auditor whose findings are final constitutes a case stated.
[492]
Oral agreement by a prospective purchaser and the prospective seller of
a motor bus on all the terms of the proposed sale did not create a com-
pleted contract of sale where the seller required that a written con-
tract be executed. [492]
An order for the purchase of a motor bus from a corporation, signed by
the prospective purchaser on a form presented to him by the general
manager of the seller upon completion of negotiations between them,
did not ripen into a completed contract on its delivery to the seller
where the order contained the provision "This order is not binding
unless authorized by an officer of the company" and a place for signa-
ture by the authorizing officer, and before such an acceptance had
been communicated to the purchaser he revoked the order. [493]
A general finding made by a judge of the Superior Court after hearing of
an action on the report of an auditor whose findings were to be final
and constituted a case stated should be treated as an order for judg-
ment. [494]

CONTRACT. Writ in the Superior Court dated September
13, 1949.

The action was heard by *Kirk,* J., upon an auditor's
report.

In this court the case was submitted on briefs.

*Neil J. Moriarty & John F. Moriarty,* for the defendant.
*Maurice J. Levy & Burton Winer,* for the plaintiff.

WILLIAMS, J. This is an action of contract to recover the
amount of a money deposit made by the plaintiff with the
defendant on orders for the purchase of four motor buses.
The defendant claims in "recoupment and set-off" damages
for failure by the plaintiff to complete the purchase of the

buses. The facts, as reported by an auditor whose findings are final, are summarized as follows.

The plaintiff, a resident of the town of Montague, was the successful bidder for a contract with the town to furnish transportation for school children. The contract was awarded on July 28, 1949, one of its terms being that the plaintiff should provide five new school buses. The defendant was a dealer in Dodge trucks and buses in Holyoke and in pursuance of its "sales promotion" had assisted the plaintiff in obtaining information respecting school buses and in preparing his bid for the contract. Late in the evening of July 28, and within an hour after the plaintiff had been informed of the acceptance of his bid, the general manager and a salesman of the defendant called on the plaintiff and discussed with him the terms of a purchase by him from the defendant of five new Dodge school buses. Following the determination of price, model, and date of delivery of the buses the plaintiff signed five orders to the defendant on forms presented by the general manager, each of which was an order for the purchase of a Dodge school bus. After discussion one of the orders was then and there cancelled. The remaining orders were on printed forms with the words "Pickup Motor Company, Inc. Holyoke, Mass." at the top of each form. Each contained the words "Enter my order for one New Dodge School Bus" or "one New Dodge Bus" with a statement of the price and a description of the vehicle. Each concluded with the provision, "This order is not binding unless authorized by an officer of the company, and purchaser's credit has been OK'd by Finance Company." Immediately beneath this clause was the word "Purchaser" with a place for a signature and below that the words "Authorized by" with a line for a signature. The plaintiff gave his check drawn in the amount of $1,000 to the defendant's agents, this amount representing a deposit of $250 on each of the four buses. At about 9 o'clock on the following morning the plaintiff telephoned the defendant's general manager that he was cancelling the orders of the previous evening and requested that he be refunded

his $1,000. He confirmed the cancellation by telegram within an hour and attempted to stop payment on his check but found that the defendant had caused it to be certified. The plaintiff moved for judgment on the auditor's report, and a judge of the Superior Court entered a finding for the plaintiff in the sum of $1,180 and also a finding for him as defendant in set-off. An appeal by the defendant under G. L. (Ter. Ed.) c. 231, § 96, brings the case here. The issue between the parties is whether there were binding agreements of purchase and sale. The defendant contends that the written orders were only memoranda of oral contracts which previously had been completed, but, if not, that the orders became contracts when physically received with the deposit by the general manager.

The auditor made no specific findings in terms upon the question whether there were completed contracts but stated in detail the facts upon which he considered that question to rest and left the determination of it to the court (see *Wellington* v. *Apthorp*, 145 Mass. 69, 74). His report is the equivalent of a case stated (*Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 151–152; *Monaghan* v. *Monaghan*, 320 Mass. 367, 369), from the reported facts of which we may draw such inferences as might have been drawn therefrom at a trial. G. L. (Ter. Ed.) c. 231, § 126. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 315. Although it appears that before the award the defendant was interested in having the plaintiff obtain the transportation contract from the town and engaged in preliminary negotiations with him as to the purchase of school buses if he were successful in his bid, the defendant makes no contention that these negotiations constituted any agreement of purchase and sale. Immediately after the plaintiff was notified that he had been awarded the contract the parties negotiated further and determined what the terms of the proposed sales should be. Although it appears that the basis of an agreement was then arrived at, there were no completed oral contracts because the defendant required the contracts to be executed in writing. Such con-

tracts previously drawn by the defendant in the form of orders were presented to the plaintiff for his signature. Therein it was stated that the defendant was not bound to sell in accordance with the terms of the orders until their acceptance had been authorized by an officer of the company. A place for the authorizing official's signature was provided. On these facts no contracts were completed by the delivery of the orders to the defendant. The defendant made it clear to the plaintiff that it did not intend to be presently bound, and on his part the plaintiff could not have expected to be bound until the proposed sales were subsequently authorized in accordance with the imposed conditions. A promise made with an understood intention that it is not to be legally binding, but only expressive of a present intention, is not a contract. *Wellington v. Apthorp*, 145 Mass. 69, 74. See *Farnum v. Whitman*, 187 Mass. 381, 383. The presentation of the forms for the plaintiff to sign was no more than an invitation or request to give orders on the terms and conditions therein stated. See *Montgomery Ward & Co. v. Johnson*, 209 Mass. 89, 91; *Mellen v. Johnson*, 322 Mass. 236. The indication by the defendant of a willingness to receive proposals did not ripen into any contract or contracts until the proposals were accepted. *Cronin v. National Shawmut Bank*, 306 Mass. 202, 210. Before such acceptance had been communicated to the plaintiff his orders had been withdrawn or revoked. *Bishop v. Eaton*, 161 Mass. 496, 500. *Cruver Manuf. Co. v. Rousseau*, 240 Mass. 168, 169. If the general manager was an officer of the company with power to authorize the sales, he said or did nothing to inform the plaintiff that he was taking favorable action. See *West v. Platt*, 127 Mass. 367, 372; *Hobbs v. Massasoit Whip Co.* 158 Mass. 194, 197; *Bohn Manuf. Co. v. Sawyer*, 169 Mass. 477, 482. The negotiations having fallen short of a binding agreement (*Phoenix Spring Beverage Co. v. Harvard Brewing Co.* 312 Mass. 501, 506), the plaintiff is entitled to the return of his deposit with interest. The defendant cannot recover on its declaration in recoupment and set-off even

if the pleading can legally be supported, which we do not intimate. G. L. (Ter. Ed.) c. 232, § 1. The findings of the Superior Court are to be treated as orders for judgment. *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 315. As such they are affirmed.

*So ordered.*