*District Court of Franklin*

No. 15186

**FREDERICK J. ARMITAGE**

v.

**EDWIN H. LaMONTAGNE**

*Hobson, J.* This case was previously heard by us on October 20, 1953. At that time there had been a finding for the defendant. We found prejudicial error and ordered a new trial. The new trial resulted in a finding for the plaintiff and the case is before us again on report claimed by the defendant.

The case is an action of contract to recover $320.00 delivered to the defendant in connection with an offer by the plaintiff to purchase a certain Mercury automobile.

The defendant's answer included a general denial, an allegation of payment and by amendment an answer to the effect that the damage suffered by the defendant as a result of the plaintiff's failure of performance was greater than the amount alleged by the plaintiff in his declaration and requested judgment for the amount suffered by him as a result of the breach of the contract by the plaintiff.

The trial judge made the following pertinent findings of fact:

1.  The plaintiff in connection with a proposed sale of a certain Mercury automobile delivered to the defendant $20 on August 21, 1951, and $300 on August 23, 1951.

2.  In connection with said proposal the plaintiff signed an order form supplied by the defendant's salesman and on which all other writing was done by said salesman, which order form

contained the words *"this order is not binding on dealer until accepted by dealer in writing"*.

3. At the time of the delivery of $300 to the defendant's bookkeeper, there was no promise by the bookkeeper purporting to bind the dealer in any contract of sale of the automobile in question.

4. The bookkeeper had no authority to bind the dealer in any contract of sale of the automobile in question.

5. The conversations between the bookkeeper and the plaintiff relative to delivery date and undercoating were in connection with the car described in the order form signed by the plaintiff on August 21.

6. The bookkeeper gave the plaintiff a receipt for the $300 deposited with her on August 23, 1951, because the plaintiff did not have with him his copy of the order form on which she would have otherwise noted the deposit.

7. On August 24, 1951, before receipt of a written acceptance of said order, the plaintiff informed the defendant's salesman that the order was withdrawn, and requested a return of the sums earlier deposited.

8. On August 24, 1951, still before receipt of a written acceptance of said order, the plaintiff by telephone and still later in person informed the defendant that the order was withdrawn, and requested a return of the sums earlier deposited; that the defendant then refused to return said sums and since that time has refused to return the same.

The defendant made the following requests for rulings and findings, which were denied:

3. As a matter of law, the offer of Edwin H. LaMontagne, through his salesman, Arthur J. LaMontagne, was accepted by the plaintiff by signing said order form referred to above and thus bound himself under a legal contract to

purchase the Mercury automobile involved in this case.

6. When the plaintiff paid the $300.00 on August 23, 1951, he knew that the Mercury automobile was considered to be his.

9. The plaintiff has not shown that the defendant received notice of the withdrawal of any offer of contract made by the plaintiff.

14. The acceptance of the $300.00 by LaMontagne Motors on the Mercury automobile on August 23, 1951 was a complete authorization for the sale of this car to the defendant.

The plaintiff duly filed the following requests for rulings of law, all of which were allowed:

1. The order form signed by the plaintiff did not constitute a formal offer since it did not state date of delivery or complete financial details.

2. Even if the order form signed by the plaintiff on August 21, 1951, were held to constitute a formal offer, there could be no contract binding on either party until accepted in writing by the defendant and such acceptance sent to the plaintiff.

3. Delivery and receipt of $20.00 on August 21, 1951, and $300.00 on August 23, 1951, did not bind either party to the proposed sale of the automobile in question.

4. No consideration was given by the dealer or his salesman at the time the plaintiff signed the order form.

5. No consideration was given by the dealer at the time of delivery to the bookkeeper by the plaintiff of the sum of $300.00 on August 23, 1951.

6. Since the instrument relied upon by the defendant was furnished by him, he is held to a strict performance of its terms.

7. The language on the back of the order form relative to retention of sums deposited, as liquidated damages, in the event of the failure

of the purchaser to take delivery, has no significance or relevance since the plaintiff's offer was withdrawn prior to written acceptance by the defendant.

8. Since the defendant has furnished no consideration for the $300.00 delivered to him by the plaintiff, the defendant owes the plaintiff the sum plus interest since August 24, 1951.

9. Even if there had been a contract between the parties, the entire contract would have been as set forth on the order form.

10. If there had been a contract, then a breach thereof by the plaintiff would have entitled the defendant to retain the sums deposited with the defendant as liquidated damages.

11. The burden of proof of the existence of a contract between the parties is on the defendant.

On June 9, 1954, the trial judge found for the plaintiff in the sum of $373.60. On July 20, 1954, upon motion and after hearing, the finding made on June 9th was withdrawn and replaced by another finding for the plaintiff in the sum of $375.80, the difference in the findings being merely the addition of interest to July 20, 1954.

Appended to the second finding was the statement "No claim for recoupment having been considered". The trial judge stated that in arriving at this decision for the plaintiff he did not consider the amended answer of recoupment and set-off and left that question open for the defendant.

The defendant claims to be aggrieved by the denial of his requests, above set forth, and by the granting of the plaintiff's requests for rulings numbered 1, 2, 5, 7, 8, 9 and 11.

There was no prejudicial error. It appears, from the findings of fact and the evidence as set forth in the report, that after some conferences and negotiations with a salesman of the defendant, the plaintiff signed an order on a form supplied by the defend-

ant's salesman for the Mercury automobile in question, and on said August 21, 1951 made a payment of twenty dollars ($20.00) and later, on August 23, 1951, an additional payment of three hundred dollars ($300.00) on account of the purchase price stated in the order; that said order form contained the words "This offer is not binding on dealer until accepted by dealer in writing"; that on August 23, 1951, the defendant wrote his signature upon his own copy of the purchase order form in the place provided thereon for acceptance; that on August 24, 1951, before receipt of any communication from the defendant that he had accepted in writing the offer of the plaintiff, the latter by telephone and in person informed the defendant that his offer was withdrawn and requested a return of the sums previously deposited, the return of which was refused; that at no time prior to the withdrawal of the offer by the plaintiff did the defendant communicate to the plaintiff in any way his acceptance of the offer.

The defendant not having communicated his acceptance of plaintiff's offer before the latter revoked his offer, no binding contract ever came into being, and the plaintiff is entitled to the return of his deposits with interest. The case of *Kuzmeskus v. Pickup Motor Co., Inc.*, 330 Mass. 490, is squarely in point and decisive. In this case the plaintiff had signed four orders for school busses on printed forms furnished by the defendant, each containing the provision "This order is not binding unless authorized by an officer of the company". In its opinion the Supreme Judicial Court said:

"Immediately after the plaintiff was notified that he had been awarded the contract the parties negotiated further and determined what the terms of the proposed sales would be. Although it appears that the basis of an agreement was then arrived at, there were no completed oral contracts because the defendant required the contracts to be executed in writing. Such contracts previously

drawn by the defendant in the form of orders were presented to the plaintiff for his signature. Therein it was stated that the defendant was not bound to sell in accordance with the terms of the orders until their acceptance had been authorized by an officer of the company. A place for the authorizing official's signature was provided. On these facts no contracts were completed by the delivery of the orders to the defendant. The defendant made it clear to the plaintiff that it did not intend to be presently bound, and on his part the plaintiff could not have expected to be bound until the proposed sales were subsequently authorized in accordance with the imposed conditions. A promise made with an understood intention that it is not to be legally binding, but only expressive of a present intention, is not a contract . . . The presentation of the forms for the plaintiff to sign was no more than an invitation or request to give orders on the terms and conditions therein stated . . . The indication by the defendant of a willingness to receive proposals did not ripen into any contract or contracts until the proposals were accepted . . . Before such acceptance had been communicated to the plaintiff his orders had been withdrawn or revoked . . . If the general manager was an officer of the company with power to authorize the sales, he said or did nothing to inform the plaintiff that he was taking favorable action . . . The negotiations having fallen short of a binding agreement, . . . the plaintiff is entitled to the return of his deposit with interest."

The defendant contends that when on August 23, 1951, the plaintiff went to the garage, paid $300.00 to the bookkeeper and told her that he wanted certain work done on the automobile, in addition to that listed on the original order, he made another order or offer to purchase the automobile in question and that when defendant signed the acceptance on the written order first given a valid and binding contract

came into being. There is no merit in this contention.

It is true that the trial judge found that the payment of the $300.00 on August 23, 1951 by the plaintiff under the circumstances was in and of itself an order for the automobile which could be acted upon by the defendant. There was, however, evidence that this payment of $300.00 was made in accordance with an earlier understanding between the plaintiff and the defendant's salesman, Arthur LaMontagne, who secured the purchase order of August 21, 1951, and that the bookkeeper gave the plaintiff a receipt for the $300.00 rather than endorse payment on the said order form because he did not have his copy with him.

Assuming that the payment of the $300.00 on August 23, 1951 and the conduct of the plaintiff was an offer to purchase the automobile, this particular offer would have to be accepted by the defendant to ripen into a contract. There is no finding that this offer was so accepted. The trial judge expressly found that at the time of the delivery of the $300.00 by the plaintiff to the defendant's bookkeeper there was no promise by the latter purporting to bind the dealer in any contract of sale of the automobile in question and further that the bookkeeper had no authority to bind the defendant in any such sale. There is nothing in the evidence to show that the defendant ever accepted the offer of August 23d. On the contrary, the evidence shows that the defendant, on the afternoon of August 23d, learned of the further payment of $300.00 by the plaintiff, and wrote his signature upon his copy of the purchase order dated August 21, 1951 in the space provided below the signature of the plaintiff and placed his initials to the right of the printed word "accepted". In doing this, the defendant accepted the offer to purchase as set forth in the instrument on which he placed his signature. He did not thereby accept any offer made on August 23d. The only offer ever accepted was that of August 21, 1951, and which never

ripened into a contract, because, as heretofore stated, it was withdrawn before its acceptance was communicated to the plaintiff by the defendant.

In our opinion the action of the trial judge in appending to his final decision the notation "No claim for recoupment having been considered", has no significance, for the defendant cannot recover on his declaration in recoupment and set-off, as stated in *Kuzmeskus v. Pickup Motor Co., Inc.*, 330 Mass. 490, at the bottom of Page 493.

It is not necessary to discuss every request denied or granted by which defendant claims to be aggrieved. We feel that the trial judge made no error in his disposition of the said respective requests, and if he did, which we do not intimate, there was no prejudicial error, for applying the principles of law appropriate to the facts found to be true, a just and correct decision was made. *Rathgeber v. Kelley*, 299 Mass. 444 at 446, and cases cited.

*The report should be dismissed.*