*Western District*

*District Court of Franklin*

No. 15848

**EDWIN H. LaMONTAGNE**

**v.**

**FREDERICK J. ARMITAGE**

*Hobson, J.* This is an action of contract brought by the defendant in case No. 15186 against the plaintiff in that case, in which the plaintiff herein seeks to recover the sum of $290.50 for work, labor and services performed and materials furnished, including items of "Salesman's commission $76.00" and "Telephone and other expenses $18.00".

This action was begun and entered after the second trial in case No. 15186 (Armitage v. LaMontagne) and before the completion of the Findings of Fact, Rulings of Law and entry of any decision in that case.

The defendant Armitage, in the instant case

answered specially by a plea in abatement, based on
the contention that case No. 15186 was for the same
cause of action.

After a hearing upon this plea, it was overruled
by the trial judge (the report stating that it was
disallowed). The defendant Armitage claims to be
aggrieved by this action of the trial judge.

In the report of the instant case it is stated that
the proceedings in Case No. 15186 are described in
detail in the accompanying report of that case and
that the cases are reported together.

Both counsel, in their briefs, have argued this case
upon the evidence reported and facts found, as stated
in the report of Case No. 15186. Therefore, we
proceed to base our decision upon the same reported
evidence and facts used by counsel.

Case No. 15186 (Armitage v. LaMontagne) is an
action to recover the sum of $320.00 delivered to
the defendant LaMontagne in connection with an
offer by the plaintiff Armitage to purchase a certain
Mercury automobile (the one in question in this case).
Defendant's answer included a general denial, an alle-
gation of payment and by amendment an answer to
the effect that the damage suffered by the defendant
as a result of the plaintiff's failure of performance
was greater than the amount alleged by the plaintiff
in his declaration and requested judgment for the
amount suffered by him as a result of the breach of
the contract by the plaintiff. The order form signed
by the plaintiff Armitage on August 21, 1951 con-
tained the words "This offer is not binding on dealer
until accepted by dealer in writing". The trial judge
found that the defendant LaMontagne, on August
23, 1951, wrote his signature upon his own copy
of the purchase order form in the place provided
thereon for acceptance, and that on August 24, 1951,
before receipt of any communication from the de-
fendant LaMontagne that he had accepted in writing
the offer of the plaintiff Armitage, the latter had
withdrawn his offer; and therefore no contract ever

came into being and found for the plaintiff Armitage.
The case (No. 15186) came before us with the in-
stant case for determination and we have made a
finding, decision and order to the effect that the de-
cision of the trial judge was correct, the same to be
filed with the finding, decision and order in the
instant case.

The defendant LaMontagne, in his answer in Case
No. 15186, requested judgment for the amount of
damages suffered by him as a result of the breach of
the contract by the plaintiff Armitage and in his
brief in the instant case contends and asserts several
times that he should be permitted to collect for
services and damages resulting from the failure of
Armitage to purchase the automobile. He recognizes
that the existence of a contract for the purchase of
the automobile is vital to his claim. If there was no
contract by which defendant Armitage agreed to
purchase the automobile, there could be no breach
of any contract by him or any failure on his part
to purchase an automobile which he never agreed
to buy.

The decision in Case No. 15186 (Armitage v.
LaMontagne) is definitely and positively to the effect
that the purchase order of August 21, 1951, and
the offer of the plaintiff Armitage claimed to have
been made on August 23, 1951, never ripened into
any agreement and that no contract was entered
into by the parties for the sale and purchase of the
Mercury automobile.

In our opinion this finding and decision sweeps
away the basis on which the claim of the plaintiff
LaMontagne in the instant case stands and is con-
clusively determinative of the issues therein.

We are of the opinion that the fact that the trial
judge in his decision in Case No. 15186 stated he
did not consider the claim of the defendant La-
Montagne for recoupment, leaving that question open
for him, has no bearing upon the case, for the reason
that the defendant LaMontagne could not recover

on his declaration or claim in recoupment and set-off. *Kuzmeskus v. Pickup Motor Co., Inc.*, 330 Mass. 490, 493.

Every possible legal claim of the defendant La-Montagne growing out of the transaction in question was considered and decided in Case No. 15186.

We are of the opinion that there was prejudicial error in the action of the trial judge in overruling the defendant Armitage's plea in abatement; that under the provisions of G. L., c. 231, §108, this ruling is properly before us and that we have the power to reverse the same. The defendant Armitage's plea in abatement should be sustained and the plaintiff's writ and action in the instant case (No. 15848) dismissed.