*Northern Division*
No. 6296

## S. & N. USED TRUCK CO., INC.

### v.

## NEWTON BUICK CO., INC.

*Present:* Brooks, P.J., Parker, Durkin, J.J.

Case tried to *Yesley, J.* in the Newton District Court No. 14438

DURKIN, J. *This is an action of contract* to recover damages for breach of an agreement allegedly entered into on April 6, 1965, whereby the defendant agreed to sell to the plaintiff a 1965 Buick Electra model, fully equipped for $5,600.00 and to take in trade the plaintiff's 1963 Buick Electra for $3,150.00. The defendant's answer is a general denial.

*At the trial there was evidence* on behalf of the plaintiff by one Shertzer, an officer of the plaintiff's corporation and its general manager, that on April 6, 1965, he went to the defendant's premises, and spoke to a salesman named Pheeney with reference to the purchase by the plaintiff of a new Buick Electra, that he had with him a 1963 Buick Electra, owned by the plaintiff, that Shertzer and Pheeney agreed to

a price of $5,600.00 for the new Electra, that only the question of an allowance for the 1963 Buick remained, that Pheeney took the plaintiff's 1963 Buick out for a test ride in the company of Robert L. Dwyer, an officer, general manager and salesman, of the defendant, that when Pheeney returned he offered the plaintiff a trade-in allowance of $3,150.00, that no other representative of the defendant was present, that Pheeney made up an order on the defendant's printed order form and signed the same on line marked "salesman". Underneath that line there was on the printed form a line for an "Authorized Signature" in behalf of N. B. C. (the defendant). The printed words "accepted and approved" appeared under this line, upon which no signature appears. Pheeney accepted a check for $100.00 on account of the purchase price and told Shertzer that delivery would be made in six (6) to eight (8) weeks. There was a printed paragraph numbered eleven (11) on the order form which read as follows: "11. This car order must be approved and accepted by a duly authorized representative of the Dealer Organization."

Robert L. Dwyer testified that he was an officer, the general manager and a salesman of the defendant and that only he and his father had authority to approve a sale, that Pheeney was a salesman with no authority to commit the defendant to a sale, that when Pheeney came to him on April 6th for approval of the

sale, he examined the 1963 Buick and refused to approve the sale; that about ten (10) weeks later Shertzer came to the defendant's office, and he (Dwyer) thereupon checked the records and could not find any order by or record of any sale to the plaintiff, and later on that day Pheeney brought him the white copy of the order signed by the plaintiff with the plaintiff's $100.00 check attached to it and that he (Dwyer) went to the plaintiff's place of business, returned the check to Shertzer and told him he had never approved of the sale.

The plaintiff made the following requests for rulings:

1. The evidence that the plaintiff entered into a purchase and sales agreement with the defendant through its duly authorized salesman is sufficient to warrant and support a finding for the plaintiff.

2. On all the evidence the plaintiff is entitled to recover.

3. The evidence is insufficient to warrant and support a finding for the defendant.

4. The plaintiff's measure of damages is his estimated loss directly and naturally resulting, in the ordinary course of events, from the defendant's breach of contract.

5. Since the defendant was a corporation and would only act through an agent, the defendant is bound by a contract executed by its salesman and agent.

6. The person who signed the purchase and sales agreement in question on behalf of the defendant was an authorized salesman of the defendant.

7. Negotiations for the sale of an automobile by the defendant to the plaintiff carried out by one of the defendant's salesmen in the presence of one of the defendant's officers who actually determined the purchase price for said automobile cloaked the defendant's salesman with the ostensible or implied authority to execute the contract.

8. A salesman is authorized to do whatever is necessary and usual to carry out the purpose of the sale and this includes executing any instruments required for said sale.

9. An agent's authority to sell personal property carries with it the authority to fix the terms of sale, including the price of the goods, the time, places, and mode of delivery and payment.

10. If an agent is authorized to sell an apparent or ostensible authority to fix the price arises, and one who contracts with such an agent has a right to rely upon this apparent or ostensible authority in the absence of notice of limitation.

11. The defendant is bound by a contract entered into on its behalf by its authorized salesman.

The Court ruled as on the defendant's requests for rulings, as follows:

1. Denied. This request assumes facts which I do not find. See my special findings.

2. Denied.

3. Denied.

4. Inapplicable in view of my finding for the defendant.

5. Denied to the extent that this request assumes that the salesman was authorized to bind the defendant to this sale. See my special findings.

6. Denied insofar as it implies that the salesman was authorized to bind the defendant to this sale.

7. Denied. This request assumes facts not found by me. See my special findings.

8. Denied insofar as applies to this sale.

9. Inapplicable. I do not find that the plaintiff dealt with an agent of the defendant who had authority to enter into a contract of sale in behalf of the defendant.

10. Inapplicable. I do not find that the plaintiff dealt with an agent of the defendant who had authority to enter into a contract of sale in behalf of the defendant.

11. Denied. I do not find that any con-

tract was entered into by a salesman authorized to bind the defendant to a sale.

The trial judge made the following findings of facts:

"I find that said order constituted an offer on the part of the plaintiff to buy a 1965 Buick from the defendant on the terms therein stated but that it was not accepted or approved by a duly authorized agent or employee of the defendant and that it did not ripen into an agreement of sale. I do not find that Pheeney was authorized to bind the defendant to the alleged sale or that the defendant held out Mr. Pheeney as so authorized. I find for the defendant."

The plaintiff claims to be aggrieved by the rulings of the court.

There is no evidence in this case to show that the defendant held out its salesman, Pheeney, to have authority to bind the defendant in completing a sale. That Pheeney had no actual authority to bind the defendant is clearly shown by the written form, expressly providing that the car order must be approved and accepted by a duly authorized representative of the Dealer Organization; and further that said order provided a line for the "Authorized Signature" in behalf of the defendant. Shertzer, an officer in the plaintiff corporation, experienced in the business of buying and selling motor vehicles, certainly should

know from the details set forth on the order blank that Pheeney had no apparent authority to bind the defendant, and it was incumbent on the plaintiff to prove that the negotiations constituted a binding agreement of purchase and sale. The order signed by the plaintiff never ripened into a valid contract since it was never approved and accepted by the dealer.

This case is governed by *Kuzmeskus* v. *Pickup Motor Co., Inc.*, 330 Mass. 490, where it was held that the signature of the purchaser on the order form constituted a proposal which did not ripen into a contract until the sale was authorized in accordance with the imposed conditions.

The plaintiff relies also on the principle of apparent authority. As to the authority of the salesman, Pheeney, the specific finding of the trial judge that he had no such authority and that the defendant did not hold him out as so authorized precludes the application of such a principle. *Hennessey* v. *Cities Service Refining Co.*, 282 Mass. 487, 489, 490; *Neilson* v. *Malcolm Kenneth Co.*, 303 Mass. 437; *Watkins* v. *Simplex Time Recorder Co.*, 316 Mass. 217, 226. In consideration of the application of such a principle to Dwyer, who was an officer, the general manager and a salesman, it appears in the report that Dwyer accompanied Pheeney in the test ride of the plaintiff's 1963 car. However when the subsequent offer was made by Pheeney to allow $3,150.00 for the

1963 car, no other representative of the defendant was present. Dwyer testified that when Pheeney came to him for approval of the sale, he refused to approve it. Although the judge's findings of fact contain no specific findings as to the apparent authority of Pheeney, the evidence falls short of that required to maintain the plaintiff's burden of proof on this issue. Here as in the *Kuzmeskus* case, supra at page 493, "if the general manager was an officer of company with power to authorize the sales, he said or did nothing to inform the plaintiff that he was taking favorable action."

We find no error in the rulings of the Court; therefore, *the report is ordered dismissed.*

JOSEPH T. TRURO
    for Plaintiff
CARL HIRSCH
    for Defendant