*Western District*

## ERIKSON ASSOCIATES, INC.

### v.

## LEONARD H. PALMER

Argued: Dec. 17, 1969  Decided: Dec. 31, 1969.

*Present:* Garvey, P.J., Sloan Dudley, J.J.
Case tried to *Allen, J.,* in the Central District
   Court of Worcester No. 159655.

*Garvey, P.J.* In this contract action there
was a finding for the plaintiff and damages as-
sessed in the amount of $400.00. The defendant
claimed a report.

*The reported evidence shows* that on Septem-
ber 30, 1967 the defendant signed the face side
of the plaintiff's printed form in which the
plaintiff, for a stated price, "proposes to fur-
nish material and labor" for the installation of
aluminum siding on the defendant's home in

Shrewsbury. The work was to be done, at the plaintiff's discretion, within six months. One "R. LaFlamme" who wrote the specifications, the terms of payment, and other details signed the face side as a "sales representative". The face side had a line opposite the line on which the defendant signed under which appeared: "Accepted: ERICKSON ASSOCIATES IN-CORPORATED". The proposal further provided that the defendant "proposes to furnish labor and material to complete the above *order* for the amount specified *subject to conditions printed on the reverse side,* which are hereby made a part of this agreement". (emphasis supplied).

On the reverse side, the sixth printed clause reads: "This contract subject to approval by officer of the company". Although it appears that R. LaFlamme who signed as a sales representative was the principal officer of the plaintiff company *he never signed the "contract"* as such and withheld this information, for some unknown reason, from the defendant. Sometime in the latter part of December, 1967 the plaintiff ordered some of the material to be used and in March of 1968[1] when it was prepared to commence the work it found it had been done by another company. It then brought this action for breach of contract.

We are of opinion that there was error in the judge's denial of the defendant's request

[1] Agreed by counsel at argument.

for a ruling of law that there was merely an offer by the defendant, never accepted by the plaintiff, to have it do the work.

This case is governed by *Kuzmeskus* v. *Pick-up Motor Co., Inc.,* 330 Mass. 490. There the plaintiff signed orders to buy school busses from the defendant and gave it a deposit of $1,000.00. Each order, prepared by the general manager of the defendant, was subject to the provision that ''This order is not binding unless authorized by an officer of the company and purchaser credit has been OK'd by Finance Company''. The following morning before acceptance by the defendant the plaintiff cancelled the orders and sued to recover his deposit. At page 493 of its opinion the court in ruling the plaintiff was entitled to the return of his deposit said:

> ''On these facts no contracts were completed by the delivery of the orders to the defendant. The defendant made it clear to the plaintiff that it did not intend to be presently bound, and on his part the plaintiff could not have expected to be bound until the proposed sales were subsequently authorized in accordance with the imposed conditions. A promise made with an understood intention that it is not to be legally binding, but only expressive of a present intention, is not a contract. *Wellington* v. *Apthorp,* 145 Mass. 69, 74. See *Farnum* v. *Whitman,* 187 Mass. 381, 383. The presenta-

tion of the forms for the plaintiff to sign was no more than an invitation or request to give orders on the terms and conditions therein stated. See *Montgomery Ward & Co.* v. *Johnson,* 209 Mass. 89, 91; *Mellen* v. *Johnson,* 322 Mass. 236. The indication by the defendant of a willingness to receive proposals did not ripen into any contract or contracts until the proposals were accepted. *Cronin* v. *National Shawmut Bank,* 306 Mass. 202, 210. Before such acceptance had been communicated to the plaintiff his orders had been withdrawn or revoked. *Bishop* v. *Eaton,* 161 Mass. 496, 500. *Cruver Manuf. Co.* v. *Rousseau,* 240 Mass. 168, 169. If the general manager was an officer of the company with power to authorize the sales, he said or did nothing to inform the plaintiff that he was taking favorable action. See *West* v. *Platt,* 127 Mass. 367, 372; *Hobbs* v. *Massasoit Whip Co.,* 158 Mass. 194, 197; *Bohn Manuf. Co.* v. *Sawyer,* 169 Mass. 477, 482. The negotiations having fallen short of a binding agreement (*Phoenix Spring Beverage Co.* v. *Harvard Brewing Co.,* 312 Mass. 501, 506), the plaintiff is entitled to the return of his deposit with interest." See also *Tilo Roofing Company, Inc.* v. *Pellerin,* 331 Mass. 743.

*The finding for the plaintiff is to be vacated and judgment ordered for the defendant.*
MICHAEL H. SELZO

of Worcester for the defendant.
MOUNTAIN, DEARBORN & WHITING
of Worcester for the plaintiff.