HOLYOKE NATIONAL BANK *vs.* MARY T. PROULX.

Suffolk.    March 7, 8, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Evidence,* Of genuineness of signature, Declaration of deceased person, Competency.  *Practice, Civil,* Exceptions, Conduct of trial.

At the trial of an action against a woman as the alleged maker of a promissory note, wherein the answer denied the genuineness of the signature upon the note, the defendant offered the testimony of one who stated that he saw the defendant's husband, at about the time the note in suit was given, sign two names on a note. for the same amount as the

note in suit, but that he could not identify the note in suit as the one he saw thus signed. The husband died shortly after the date of the note. The defendant offered under G. L. c. 233, § 65, a conversation the witness then had with the defendant's husband. On objection and subject to an exception by the plaintiff "to the whole line" and after a statement by his counsel that he did not wish to cross-examine to develop any point which might make the conversation incompetent under the statute, the witness testified as follows: "Q. What was said about the signatures and about the note you refer to, $9,300? A. He says . . . 'Thank Heaven, there is another bill straightened off for a while.' I says, 'Well, you signed twice in the same place. Was it the same note?' 'No,' he says, 'I signed my wife's.' — Q. What did you say to him? A. I says, 'Do you dare to do that? I wouldn't dare to do it.' — Q. What did he say? A. He says, 'That's nothing, I do it all the time.'" No motion to strike out any of the testimony was made. After the witness had left the court house, the judge dictated to the court stenographer a statement, "I forgot to state that the testimony . . . was admitted by me under the statute. I found the necessary prerequisites, and . . . [the plaintiff] excepted to my admitting the testimony." *Held*, that

(1) In view of the testimony of the witness given before the evidence excepted to was introduced, the judge was warranted in making the preliminary finding that the declaration of the defendant's husband was made in good faith before the commencement of the action and upon the personal knowledge of the declarant and therefore was admissible under the statute;

(2) The answer of the witness, that the defendant's husband had said he signed his wife's name to a note for the same amount as that which was the subject matter of the action, was competent;

(3) Although that part of the witness's answer as to what the witness said to the defendant's husband, and that the husband stated that he had previously signed his wife's name to other notes, was inadmissible, in the absence of a motion that it be struck out and of an objection or exception relating specifically to it, no error was shown.

CONTRACT upon a promissory note. Writ dated February 11, 1927.

In the Superior Court, the action was tried before *McLaughlin*, J. Material evidence is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

*J. M. Maloney*, (*M. B. Lynch* with him,) for the plaintiff.
*W. F. McCormack*, for the defendant.

CROSBY, J. This is an action in which the plaintiff, as indorsee and holder for value, seeks to recover on a promissory note for $9,300 dated April 8, 1926, payable to the order

of the United Land Trust two months after date at the plaintiff bank. The note purported to be signed by the defendant and her husband, Ernest E. Proulx, who died June 9, 1926. In the defendant's answer she denied the genuineness of her signature. The only issue submitted to the jury was whether she signed the note, as the presiding judge instructed the jury that no other defence was claimed by her, and that if she signed it she was liable for the full amount with interest from maturity. No exceptions were taken to the judge's instructions.

The plaintiff introduced the note in evidence and called as witnesses experts in handwriting, who testified that in their opinions the purported signature of the defendant was genuine. The defendant denied that she signed the note and called as a witness a handwriting expert who testified that in his opinion the signature was not that of the defendant but was written by her deceased husband.

The defendant then offered the testimony of L. Carl Creber of Boston, a fire loss adjuster, who said he was acquainted with Ernest E. Proulx and had office space with him; that some time about three months before Proulx died he saw him sign two names on a note for $9,300 to the Holyoke National Bank; that he could not identify the note in suit as the one he had seen thus signed; that he did not know just when Proulx died, but believed it was in June. Later he said it was about two or three months before Proulx's death that he saw him sign two names on a note. He was then asked about a conversation which he had with Proulx at the time the two names were signed to the note for $9,300. The plaintiff objected. The judge said, "I am inclined to admit it under the statute, unless you wish to cross-examine and develop any point which might make it incompetent under the statute." The plaintiff's counsel refused to cross-examine the witness for that purpose, saying, "If your Honor admits it I am perfectly willing to save my exception." The judge said, "Very well, you may ask." The plaintiff's counsel then said: "Your Honor will save my exception to the whole line." Thereafter the following appears in the record: Q. What was said about the signatures and about the note

you refer to, $9,300? A. He says . . . "Thank Heaven, there is another bill straightened off for a while." I says, "Well, you signed twice in the same place. Was it the same note?" "No," he says, "I signed my wife's." — Q. What did you say to him? A. I says, "Do you dare to do that? I wouldn't dare to do it." — Q. What did he say? A. He says, "That's nothing, I do it all the time."

The plaintiff's attorney had stated in his opening that he proposed to show that this note was a renewal of one of a series of thirty-two notes, beginning with the original note given in 1920 for over $16,000; and that the original note and many renewal notes "for diminishing sums" purported to be signed by the defendant and her husband. No evidence of these facts had been introduced by the plaintiff at the time the witness Creber testified, but such evidence was introduced later.

After the witness Creber had completed his testimony and left the court house, the judge dictated the following memorandum to the stenographer: "I forgot to state that the testimony of Mr. Creber was admitted by me under the statute. I found the necessary prerequisites, and Mr. Maloney excepted to my admitting the testimony." The only reference made to Creber's testimony in the charge is in the following words: "You will give such weight as you think it is entitled to, to the testimony of Mr. Creber, whose testimony tends to show — the weight of it being wholly for you — that Mr. Proulx himself said in substance two months before he died, or about the time when this note was signed, that he was signing his wife's name to a note which he was about to send to the Holyoke National Bank." The jury returned a verdict for the defendant. The only exception relates to the admission of the testimony of the witness Creber above recited.

G. L. c. 233, § 65, provides that "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." In view of the testimony of the witness Creber above recited, given before the evidence excepted

to was introduced, we are of opinion that the judge was warranted in making the preliminary finding that the declaration of the defendant's husband was made in good faith before the commencement of the action and upon the personal knowledge of the declarant and therefore was admissible under the statute. The witness was then asked respecting the conversation he had with Proulx at the time the note for $9,300 was signed, and the plaintiff excepted. The exception taken was a general one. It is plain that the answer of the witness, that the deceased said he signed his wife's name to the note, was competent. That part of the answer as to what the witness said to the deceased, and that the deceased stated that he had previously signed his wife's name to other notes, was inadmissible; but if this testimony were objected to, it was the duty of the plaintiff to bring to the attention of the judge the ground of the objection and to ask that the testimony be stricken out. If that course had been pursued the plaintiff's objection might have been removed. When the judge ruled that the declarations of the deceased were admissible under the statute, he could not have anticipated that incompetent or irrelevant answers would be given, and in fairness to the judge a request should have been made that they be struck out. *Commonwealth* v. *Johnson,* 199 Mass. 55, 59, 61.

The plaintiff did not ask that any part of the answer be struck out, nor did he make any requests for rulings or instructions as to the effect of this testimony. In these circumstances no error of law is shown.

*Exceptions overruled.*