Felix Pataskas *vs.* Francis C. Judeikis.

Suffolk.    February 7, 8, 1951. — April 2, 1951.

Present: Qua, C.J., Lummus, Spalding, Williams, & Counihan, JJ.

*Alienation of Affections. Evidence,* Competency, Letter. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful.

Evidence, in an action for alienation of the affections of the plaintiff's wife, that, until the defendant met her, she and the plaintiff and their children lived happily together; that thereafter she ceased to care for them; that she and the defendant corresponded and saw each other from time to time; that letters from the defendant to her contained expressions of affection; that he wrote her about her separating from the plaintiff, obtaining a divorce or annulment of marriage, and marrying the defendant; and that she eventually left the plaintiff and became a tenant of the defendant, warranted a verdict for the plaintiff.

In an action for alienation of the affections of the plaintiff's wife, letters from the defendant to her were properly admitted in evidence after a witness for the plaintiff had testified without objection that the letters were left in the witness's mail box, that the witness gave them to the

plaintiff's wife and read them to her, that they were in the handwriting of the defendant, and that the witness "recognized his letter."

At the trial of an action for alienation of the affections of the plaintiff's wife, the admission in evidence of a telegram to her from the defendant which added nothing of consequence to evidence already properly admitted, if error, did not harm the defendant.

TORT. Writ in the Superior Court dated July 24, 1947. The action was tried before *Nagle*, J.

*R. D. O'Leary*, for the defendant.

*A. O. Shallna*, for the plaintiff.

QUA, C.J. The plaintiff has a verdict on a count for alienation of the affections of his wife and loss of consortium. The defendant excepts to the refusal of a directed verdict in his favor and to the admission in evidence of two letters and a telegram which the plaintiff contended had been sent by the defendant to the plaintiff's wife.

If the disputed letters were part of the evidence, there was no error in the refusal to direct a verdict for the defendant. There was evidence that, until "the defendant appeared," the plaintiff and his wife lived happily with their two children in a house which was bought in the names of both; that after she met the defendant she ceased to care for the plaintiff or the children; that the defendant and the plaintiff's wife wrote each other and saw each other from time to time; that the defendant's two letters introduced in evidence were full of expressions of affection; that the defendant wrote the plaintiff's wife about the annulment of her marriage to the plaintiff or her obtaining a divorce from him and marrying the defendant; that he wrote of their promises to marry each other; that in the letter dated October 23, 1945, he advised her to separate from the plaintiff, so that when the defendant came home he could see the plaintiff's wife more often and with less difficulty and embarrassment; that in 1947 the plaintiff's wife did leave the plaintiff; and that the defendant is now her landlord. The defendant did not testify. This evidence, with the reasonable inferences to be drawn from it, satisfies all the requirements for a cause of action. *Gahagan* v. *Church*, 239 Mass.

558.  *Bradstreet* v. *Wallace*, 254 Mass. 509.  *Sherry* v. *Moore*, 258 Mass. 420.  *Georgacopoulos* v. *Katralis*, 318 Mass. 34.  *White* v. *Thomson*, 324 Mass. 140, 142.

There was no error in the matter of the two letters.  A witness called by the plaintiff testified, apparently without objection, that these letters were left in the witness's mail box; that she gave them to the plaintiff's wife and read them to her; [1] that they were in the handwriting of the defendant; and that she "recognized his letter."  Upon this, the judge admitted them over the defendant's objections and exceptions.  Doubtless the defendant could have objected to the testimony of the witness that the letters were in the handwriting of the defendant and could have required preliminary proof that the witness had seen the defendant write or was "conversant with his acknowledged signature" to the extent required by the rules of evidence.  *Brigham* v. *Peters*, 1 Gray, 139, 145.  *Nunes* v. *Perry*, 113 Mass. 274.  *Noyes* v. *Noyes*, 224 Mass. 125, 129–131.  But the statement of the witness that the letters were in the handwriting of the defendant was evidence in the case received without objection and had probative force.  *DuBois* v. *Powdrell*, 271 Mass. 394, 397–398.  *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135.  *Comeau* v. *Beck*, 319 Mass. 17, 19.  It warranted the admission of the letters, which, once admitted, would remain in the case until struck out.  If the witness, later on in cross-examination, gave other evidence tending to show that she was not familiar with the handwriting of the defendant and throwing doubt upon the admissibility of the letters, the defendant's remedy was to ask the judge to reconsider the matter by a motion to strike them out.  *Brady* v. *Finn*, 162 Mass. 260.  *Williams* v. *Clarke*, 182 Mass. 316, 317.  *Putnam* v. *Harris*, 193 Mass. 58, 62.  *Commonwealth* v. *Patalano*, 254 Mass. 69, 74–75.  *Alden Bros. Co.* v. *Dunn*, 264 Mass. 355, 362.  *Holyoke National Bank* v. *Proulx*, 267 Mass. 296, 299–300.  *Shannon* v. *Ramsey*, 288 Mass. 543, 549–550.  *Leave* v. *Boston*

---

[1] There was evidence that the plaintiff's wife "could not read much English."

*Elevated Railway*, 306 Mass. 391, 394. *Coburn* v. *Moore*, 320 Mass. 116, 119–121.

The telegram in question appeared to come from San Pedro, California, and was this, "Arrived safely   Expect to see you soon   Don't Attempt to Contact or write me here.   Love   Francis C. Judeikis."   After the letters were in evidence this telegram added nothing of consequence to what was contained in them.   In view of all the other evidence, if there was error in admitting the telegram, which we need not decide, it was harmless error.   G. L. (Ter. Ed.) c. 231, § 132.

*Exceptions overruled.*