J. EDWARD KELLEHER vs. JEROME F. FARRELL,
administrator.

Hampden.    September 23, 1959. — November 23, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
CUTTER, JJ.

*Practice, Civil*, Auditor: findings; Requests, rulings and instructions;
New trial. *Evidence*, Auditor's report.

A conclusion by an auditor whose findings were not to be final was binding
on a judge hearing the action without jury where the conclusion was
founded upon all the evidence heard by the auditor and his reported
subsidiary findings were not inconsistent therewith and no evidence
presented to the judge warranted his reaching a different conclusion.
[758–759]

There was no error on the part of a judge hearing an action without jury,
who on the record was bound by a conclusion of an auditor whose
findings were not to be final, in denying requests for rulings referring to
matters which might properly have been considered by the auditor in
reaching that conclusion. [759]

There was no error in the denial of requests for rulings presented at the
hearing of a motion for a new trial of an action where the requests
sought to raise questions of law which could have been raised at the
trial. [759]

TORT.    Writ in the Central District Court of Northern
Essex dated March 10, 1954.

Upon removal to the Superior Court the action was heard
by *Bolster, J.*

*John T. Quirk, Jr.*, for the plaintiff.

*Frederick S. Pillsbury*, for the defendant.

WILLIAMS, J.    This is an action of tort to recover for
personal injury and property damage resulting from an
automobile collision in Hampton, New Hampshire, on the
afternoon of September 3, 1953.    The original defendant
(hereinafter called the defendant) having died after the
trial, the administrator of his estate was substituted as a
party defendant on December 5, 1957.    The accident oc-

curred on the Lafayette Highway, a forty foot, three lane road which runs approximately north and south. There were findings by an auditor, whose findings were not to be final, that the plaintiff was operating his automobile in a southerly direction on the westerly lane at a speed of twenty-five miles per hour. The defendant was operating his automobile in a northerly direction in the easterly lane at a speed in excess of thirty-five miles per hour. A church with a parking space around it was located east of the highway. When the plaintiff arrived at a point nearly opposite an "exit" driveway of this parking space he "slowed down somewhat, put on his left directional lights," and turned to his left across the highway intending to visit the church. As he reached the easterly boundary of the road, the defendant's automobile struck his automobile on the right side. Both automobiles were damaged and the plaintiff was injured.

At the place where the plaintiff made his left turn each party "had a clear view of the road for a considerable distance." The plaintiff, however, did not see the defendant's automobile until his own was about one car length from the exit driveway and the other automobile was about one hundred feet away. The defendant saw the plaintiff's automobile when he, the defendant, was about two hundred fifty feet south of the point of collision, and when opposite the south wall of the church noticed the plaintiff starting to make a left turn. When about ninety feet from the point of collision he put his brakes "on hard." Brake marks left by his tires approximated fifty feet.

The auditor found that the defendant was negligent. He also found that the "plaintiff in failing to see the defendant's car until a moment before the impact neglected to properly observe the conditions existing at the time of the accident" and that his negligence was a contributing cause of the collision. In conclusion he found for the defendant.

At a trial before a judge sitting without jury the only material evidence in addition to the auditor's report was testimony by a police officer that "just before he crossed

the highway'' the plaintiff could see the road to the south for a distance of approximately four hundred forty feet and a repetition of the plaintiff's testimony before the auditor that when he started to cross the highway he looked to the south and saw no automobile coming.

The judge found for the defendant without passing upon fifteen requests for rulings filed by the plaintiff. A motion for a new trial by the plaintiff was denied without rulings by the judge on thirteen requests presented by the plaintiff. The case is before us on the plaintiff's exceptions to the implied denial of the requests presented both at the trial and at the hearing on the motion.

There is no merit in the exceptions. It appears from the record of the trial before the judge that no question of the correctness of the auditor's finding as to the defendant's negligence was there raised. The judge's finding for the defendant must have been based on a subsidiary finding of the plaintiff's contributory negligence. See *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 93; *Commonwealth* v. *Hull*, 296 Mass. 327, 337; *Orcutt* v. *Signouin*, 302 Mass. 373, 375–376; *Richards* v. *Gilbert*, 336 Mass. 617, 618. That the plaintiff understood this to be the sole issue before the court is evident from his requests for rulings at the trial which relate solely to matters of law bearing upon the question of contributory negligence.

While the auditor emphasizes reliance on the failure of the plaintiff to see the approach of the defendant's automobile, reference by him to "the conditions existing" and "circumstances existing" without specifying the conditions and circumstances he had in mind leads us to conclude that his ultimate finding of contributory negligence was founded upon all of the evidence and not solely upon his specified subsidiary findings. Since the subsidiary findings were not inconsistent with the auditor's ultimate finding, this finding was binding upon the judge unless there was additional evidence before him warranting a different conclusion. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. *Wade* v. *Buchanan*, 306 Mass. 318, 321. No such evidence was pre-

sented and he was therefore required to give effect to the finding of contributory negligence by finding for the defendant.

The plaintiff's requests for rulings as to the burden of proof, his right to rely upon the care of the defendant, and the effect upon his own due care of his failure to observe the approach of the defendant referred to matters which might properly have been considered by the auditor but were not pertinent to the issue before the judge.

As to the requests presented at the hearing on the motion for a new trial it is sufficient to say that they concerned questions of law which could have been raised at the trial. It was discretionary with the judge whether he would permit them to be raised on a motion for a new trial. *Commonwealth* v. *Galvin*, 323 Mass. 205, 220. There was no error in the denial of either set of requests.

*Exceptions overruled.*