BRIAN T. MAGEE & another *vs.* KATHLEEN F. LANE & another.

Norfolk. November 4, 1963. — November 29, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Auditor: discharge of report, recommittal.

On the record in an action for personal injuries, no abuse of discretion was shown in denial of motions by the plaintiff to discharge the reference to an auditor whose findings were not final and who found for the defendant and to recommit to the auditor.

TORT. Writ in the Superior Court dated August 4, 1959.

The plaintiffs alleged exceptions to the denial of certain motions by *Murray, J.*

*Timothy J. McInerney* for the plaintiffs.

*Daniel A. Lynch (Paul F. Degnan* with him) for the defendants.

SPALDING, J.  In this action of tort, Brian T. Magee, hereinafter called the plaintiff, seeks to recover for injuries sustained by him on February 23, 1959, when he was struck by an automobile.[1]  His father seeks consequential damages.

The auditor, finding that the plaintiff was not in the exercise of due care and that the defendants were not negligent, found for the defendants.  Thereafter the case was tried to a jury on the auditor's report and other evidence.  The jury returned verdicts for the plaintiff on count 1 and for his father on count 3.

Despite the fact that the verdicts were in the plaintiffs' favor they bring the case here on exceptions.  Doubtless this is because the award of damages ($1,200 on each count) was thought to be small in view of the fact that the plaintiff sustained substantial injuries.

Notwithstanding the plaintiffs' elaborate substitute bill of exceptions, there are but two questions presented for decision in the bill as finally allowed by the judge.  These questions are (1) whether the judge erred in the denial of the plaintiffs' motion to discharge the reference to the auditor and (2) the correctness of his action in denying the plaintiffs' motion to recommit the report.  We shall confine our decision to these questions.

1.  The denial of the motion to discharge the auditor's report reveals no error of law.  The motion was supported by a lengthy affidavit purporting to show that the auditor's report was founded on inadmissible evidence or incorrect rulings of law.  The judge was not required to believe the matters set forth in the affidavit.  The evidence before the auditor was not reported and we cannot say that his findings were based upon inadmissible evidence or erroneous rulings of law.  No request was made at the trial to have any finding excluded on the ground that it was based on an erroneous opinion of law or upon inadmissible evidence.  See G. L. c. 221, § 56; *Petitti* v. *Perriello,* 305 Mass. 274, 275.

[1] The declaration contains four counts.  Counts 1 and 3 are against the operator, and counts 2 and 4 are against the owner.

The denial of the motion to discharge the rule to the auditor was within the discretion of the trial judge and no abuse of discretion has been shown. *Hunneman* v. *Phelps,* 199 Mass. 15, 20.

2.   There likewise was no error in the denial of the plaintiffs' motion to recommit the auditor's report.   The so called ''exceptions'' to the report, which we treat as objections, ''have no purpose other than that of laying a foundation for a motion to recommit and action upon such a motion rests in the sound discretion of the judge.'' *Ball* v. *Williamson,* 336 Mass. 547, 551.   We perceive no ground for disturbing the action of the judge in denying the motion.

3.   Apparently, the plaintiffs take the position that the somewhat meager award of damages was a compromise which was due in part at least to the auditor's finding for the defendants on the issue of liability.   We note from the docket entries that the plaintiffs have filed a motion for a new trial.   It appears that this motion has never been acted upon.   Thus it is still open to the plaintiffs to press the question of inadequacy of damages before the trial judge. The principles of law touching motions of this sort have been set forth at length in the leading case of *Simmons* v. *Fish,* 210 Mass. 563, and need not be restated.   Whether the verdicts here were compromise verdicts and ought to be set aside, as to which we make no intimation one way or the other, is a question for the trial judge to pass upon when he considers the motion.

                                   *Exceptions overruled.*