*Southern District*

**JOHN M. SORENSEN, et al**

v.

**RAYMOND A. EVANS, et al**

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to ————, *J.* in the District Court of East Norfolk. No. 20881.

*Cox, J.* This is an action of tort for deceit arising out of misrepresentations that the cellar of a house which the plaintiffs bought from the defendant was dry. There was a finding for the plaintiff in the sum of $50. The plaintiffs filed a motion for a new trial on the ground that the damages were inadequate. The case was reported because the plaintiffs claim to be aggrieved by the denial of their motion and requests for rulings of law submitted in support thereof.

The premises were 143-145 Safford Street, Wollaston. The price was $16,800. The struc-

ture was a two-story wooden frame house containing two apartments, each consisting of six rooms and a bathroom. The cellar contained a heater and was used for storage. The house was forty-five to fifty years old. The cellar was flooded to a depth described as four inches to five inches several times after the Sorensens had moved in. Mr. Sorensen bought a sump pump which at times reduced the flooding to about an inch above the ground. The cost of the pump was $50. Other than the cost of the sump pump there was no evidence relating to damages.

Requests for rulings were submitted at the trial by both parties and acted on by the court. No report was claimed from the rulings the judge made on those requests. They did not relate to damages which is the sole question raised by this report.

Damages must be reasonably ascertainable from the evidence even though recovery will not be barred because there may be an element of uncertainty in assessing them. "The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence." *Dalton v. Demos Brothers General Contractors, Inc.,* 334 Mass. 377, 378-379; *Agoos Leather Cos., Inc. v. American & Foreign Ins. Co.,* 342 Mass. 603, 608.

In the case under consideration, except for the cost of the pump, there is a total absence of evidence as to the cost of correcting the

wet cellar condition or of the difference in value between what the plaintiffs bargained for and what they actually received. There was therefore no evidence introduced by the plaintiffs, whose burden it was, from which the damages alleged could reasonably have been ascertained without recourse to surmise and conjecture. Such damage is not difficult to prove. If such evidence had been adduced by the plaintiffs the trial judge could then have applied his experience and judgment whether and to what extent such evidence be given weight, notwithstanding possible elements of uncertainty in assessing the amount of damages with exactness. *Bartley v. Phillips*, 317 Mass. 35, 40 et seq.

We conclude that the plaintiffs have no cause to complain that damages in the sum of $50. are inadequate. The conclusion finds support from a consideration of some of the cases. In *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632 an award of $1.00 as nominal damages to a contractor for the owner's breach of contract for the erection of a warehouse on a cost plus basis was held not to be inadequate where the contractor had failed to prove with substantial certainty what the cost of the structure would have been. In *Snelling & Snelling of Massachusetts, Inc.* v. *Allen Wall*, 345 Mass. 634 it is stated: ''When, however, damages are sought they must be proved and not left, as here, to speculation . . . the complaining party must establish his claim upon a

solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis. *John Hetherington & Sons, Ltd.* v. *William Firth Co.*, 210 Mass. 8, 22; *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.*, 344 Mass. 632." See also *Bond Pharmacy, Inc.* v. *Cambridge*, 338 Mass. 488, 490 (water damage); *Eastern Paper etc. Co.* v. *Herz Manuf. Corp.*, 323 Mass. 138, 145; *Carney* v. *Cold Spring Brewing Co.*, 304 Mass. 392; *Eastern Advertising Co.* v. *Shapiro*, 263 Mass. 228, 232.

■ What has been said here appears to be in harmony with what has been stated in *Simmons v. Fish*, 210 Mass. 563 and *Bartley v. Phillips*, 317 Mass. 35, 40-44 where motions for new trials because of inadequate or excessive damages have been extensively considered and explained. See also *Magee v. Lane*, 346 Mass. 475.

The plaintiffs based their motion for a new trial on three grounds supported by rulings. They are (1) That a new trial on the question of damages is warranted

(a) In the interest of justice.
(b) On the grounds that the damages were inadequate.
(c) On the grounds that the plaintiffs are entitled to recover damages for the difference between the value of the property when they bought it and what its value would have been if there were no false representations.

The judge denied the requested rulings. He ruled as follows:

1(b)   Denied. I find that the damages awarded were all that were proven at the trial.

1(c)   Denied as this is an improper request in a motion for a new trial.

There was a fourth request essentially the same as 1(c) which referred to evidence of the condition of the premises and the purchase price, from which it was urged the court had a basis for assessing damages. This request the court denied for the same reason that he denied 1(c).

By the provisions of G. L. c. 231, §129 there are only two grounds for filing a motion for a new trial as of right. They are mistake of law and newly discovered evidence. *Campanella & Cardi Construction Co. v. C.,* 339 Mass. 231, 234. There is no contention nor report of any newly discovered evidence.

Inadequate or excessive damages is not a ground for a new trial as of right. An award of damages must stand before an appellate tribunal unless to do so amounts to "an abuse of discretion on the part of the court below, amounting to an error of law. *Bartley v. Phillips,* 317 Mass. 35, 43.

There was no error of law arising for the first time in the hearing of the motion for a new trial." *Scano, petitioner,* 338 Mass. 7, 9. The same questions relating to damages could have been raised at the trial. "It was

discretionary with the judge whether he would permit them to be raised on a motion for a new trial." *Kelleher v. Farrell,* 339 Mass. 756, 759; *Haines Corp. v. Winthrop Square Corp., Inc.,* 335 Mass. 152.

As we perceive no error of law in the denial of the plaintiffs' motion for a new trial or of their requests for rulings, an order should be entered dismissing the report.

Joseph M. Cohen, of Boston, for the Plaintiff.

Thomas N. Byrnes, Jr., of North Quincy, for the Defendant.