MARGARET NIGROSH *vs.* NANCY DANIELS. December 3, 1965. Exceptions sustained. Judgment for the defendant. The case comes to us on an exception to the judge's denial of the defendant's motion for a directed verdict in an action of tort for loss of consortium and alienation of affections of the plaintiff's husband allegedly caused by the defendant. The evidence most favorable to the plaintiff showed that while at a beach in the summer of 1960 the defendant and the plaintiff's husband left a group which included the plaintiff and were gone for two hours in a car; that in November, 1960, the defendant accompanied the plaintiff and her husband to a store where ski equipment was purchased; that in January, 1961, on the return in a crowded car from a skiing holiday the defendant sat in the front seat beside the plaintiff who was sitting in the center beside her husband who was driving; that in March of 1961, at a resort in Maine, the defendant, dressed in baby doll pajamas which were ripped at the crotch, appeared in the presence of the plaintiff, her husband and seven or eight others, touched her husband's arm and "took him to the end of the room." These events, viewed singly or collectively, were insufficient to take the case to the jury. See *Gahagan* v. *Church,* 239 Mass. 558; *Bradstreet* v. *Wallace,* 254 Mass. 509; *Georgacopoulos* v. *Katralis,* 318 Mass. 34; *Pataskas* v. *Judeikis,* 327 Mass. 258; *Ross* v. *Nourse,* 330 Mass. 666; *Perry* v. *Carter,* 332 Mass. 508; *Whittet* v. *Hilton,* 335 Mass. 164.

*Albert R. Mezoff* for the defendant.
*John P. White, Jr.,* for the plaintiff.

BETTY KLEIN & another *vs.* SARAH LEBIN. December 3, 1965. Decree denying jury issue affirmed. This is an appeal from a decree of the Probate Court denying the framing of a jury issue in the matter of the alleged will of the late Morris Lebin. The only issue sought to be framed was the "fraud or undue influence" of Betty Klein, Mary Yanofsky and Tillie Becker. Having examined the expected evidence and giving due weight to the decision of the probate judge, we are of opinion that there was no error in the refusal to frame the requested issue. The governing principles have often been stated. See *Spilios* v. *Bouras,* 337 Mass. 176, 177, and cases cited.

*Israel Bernstein* for the contestant.
*Warren G. Miller* for the proponents.

S. D. SHAW & SONS, INC., petitioner. December 3, 1965. Exceptions overruled. This is a petition to establish exceptions in an action of contract. The matter was referred to a commissioner who filed a report. The single justice entered an order dismissing the petition, subject to the petitioner's exception. From an examination of the record, including the report of the commissioner, we are satisfied that there has been no error.

The case was submitted on briefs.

*Irvin M. Davis, Richard H. Davis, & Peter F. Davis* for the petitioner.
*George H. McDermott* for Joseph Rugo, Inc.