LINDEN M. ANDREWS, JR. *vs.* LINDEN M. ANDREWS. April 28, 1966. In this action of tort for the alienation of affections of his wife and loss of consortium, the plaintiff had a verdict. The sole question arises out of the defendant's exception to the denial of his motion for a directed verdict. After the bill of exceptions had been allowed the judge allowed the plaintiff's motion to amend the bill by adding a sentence. Because it was his bill and he did not consent to the amendment, the defendant contends that the sentence added by the amendment is no part of the bill. See *Ray, petitioner,* 314 Mass. 195, 198. The correctness of this contention need not concern us; for viewing the evidence in the bill of exceptions, apart from the purported amendment, we are of opinion that it was sufficient to require the submission of the case to the jury. The case falls within the authority of such decisions as *Gahagan* v. *Church,* 239 Mass. 558, *Bradstreet* v. *Wallace,* 254 Mass. 509, *Georgacopoulos* v. *Katralis,* 313 Mass. 34, and *Pataskas* v. *Judeikis,* 327 Mass. 258, rather than *Nigrosh* v. *Daniels,* 349 Mass. 777, cited by the defendant.

*Exceptions overruled.*

*L. Johnson Callas* for the defendant.
*William Hadgi* for the plaintiff.


BRIAN T. MAGEE & another, petitioners. April 28, 1966. This petition to establish the truth of exceptions pursuant to G. L. c. 231, § 117 (as amended through St. 1960, c. 207, § 4), was dismissed by the single justice. The petitioners, who were plaintiffs in a tort action in the Superior Court (*Magee* v. *Lane,* 346 Mass. 475), filed a bill of exceptions to the denial of their motion for a new trial. This bill the trial judge disallowed as not conformable to the truth. He found that the "plaintiffs, or their attorney, intentionally omitted to include in said bill important testimony of witnesses given at the trial on issues presented to the Court and jury for determination, and intentionally omitted to include in said bill other important proceedings at the trial." He further found that "the bill does not set forth a full and fair summary of the proceedings at the trial adequate to show the whole case which was surveyed and considered by the Court after hearing arguments by the parties on the grounds set forth in plaintiffs' motion for [a] new trial, and that the plaintiffs, or their attorney, intentionally omitted to include such matters in said bill." The plaintiffs' position is that there was set forth a full and fair summary of the evidence upon the issue of damages, which was the only issue in their motion pressed by them. This contention lacks merit. "The statements of the judge in disallowing the exceptions are prima facie to be treated as true and will stand unless rebutted, explained or overcome by other evidence." *Maguire, petitioner,* 340 Mass. 12, 14, and cases cited. The rulings of the single justice, to which the plaintiffs except, were based on findings in a commissioner's report. The commissioner found that the bill of exceptions did not conform to the truth. There was no error by the single justice in denying the plaintiffs' motion to recommit the commissioner's report, or in denying their motion to strike portions of it, or in overruling their objections to the report, or in not acting upon the plaintiffs' requests for rulings.

*Exceptions overruled.*

*Timothy J. McInerney* for the petitioners.
*Daniel A. Lynch (Paul F. Degnan* with him) for the respondents.