*Southern District*

### JOHN T. GARRITY

v.

### ALBINA A. MULHERN

*Present*: Nash, C.J., Cox, Lee, JJ.

Case tried to *Connolly, J.* in the District Court of Northern Norfolk, No. 49860.

*Cox, J.* In three counts for the same cause the plaintiff seeks to recover $500.00 from the defendant. Count 1 is for money had and received. Counts 2 and 3 are also essentially for money had and received. They merely state the cause in more detail. See G.L. c. 231, §7 (Second), (Fourth). There was a finding for the plaintiff in the sum of $500.00. The case was reported for our determination because the defendant claims to be aggrieved by the denial of sixteen of her eighteen requests for rulings, by the denial of her motion for a new trial and by the denial of eight of her nine requests filed in connection therewith.

The case was fully tried as one for money had and received, consequently, if there were any defects in the pleadings, which we do not decide, they are treated as waived.

". . . a party who desires to rely upon a variance or similar defect must call the attention of the trial judge clearly and plainly to the defect relied upon, so that amendments can be made, or further proof supplied, or proper rulings made at the trial." *Berwin v. Levenson,* 311 Mass. 239, 246. *John T. D. Blackburn, Inc. v. Livermore,* 317 Mass. 20, 21. *Krinsky v. Stevens Coal Sales Co., Inc.,* 309 Mass. 528, 533. *Dumas v. Meyer,* 296 Mass. 57, 59.

The justice made special findings, amply supported by the evidence, which may be summarized as follows:

The defendant is a real estate broker in the Town of Norwood. She showed real estate in Norwood belonging to one Alphonse Kontrimas, her brother-in-law, who was living in California. The plaintiff wishing to purchase the property made an offer to the defendant on Augusi 15, 1962 to purchase it for $23,000.00. The offer to the defendant was accompanied by the plaintiff's check in the amount of $500.00 dated August 15, 1962 and payable to the owner Alphonse Kontrimas. At the defendant's request the plaintiff wrote on the back of the check "Offer of $23,000. — if not agreeable with owner will return $500.00."

During the evening of August 15, 1962 the plaintiff in a telephone conversation with the defendant withdrew his offer and asked the defendant to return his check to him. On the following morning he sent the defendant

a telegram in which he reiterated the withdrawal of his offer and again requested the return of his check. During the morning of August 16, 1962 the defendant took the check to the bank and had it certified. Some time after the plaintiff had withdrawn his offer the defendant sent the certified check to the owner in California. The owner endorsed the check under date of August 17, 1962 and wrote above his endorsement "Offer of $23,000 is acceptable" and returned the check to the defendant who cashed it eleven months later on July 17, 1963. The action was thereafter commenced by writ dated August 22, 1963.

The important question to be decided is whether there was a binding agreement of sale and purchase between the plaintiff and the owner Kontrimas or merely an offer on the plaintiff's part revocable by him prior to notice to the plaintiff of its acceptance by the owner. The justice found that "The check in question was a deposit accompanying an offer revocable prior to acceptance and which offer was in fact revoked prior to its acceptance." The evidence supports the finding that only an offer had been made and the plaintiff withdrew the offer before the owner's acceptance was communicated to him.

The justice was not required to accept the defendant's version that she had called her brother-in-law in California after receiving the deposit and had communicated

his acceptance of the offer to the plaintiff. On this important and decisive point a question of fact was presented. Having made the finding which he did, that the negotiations had gone no farther than an offer, the justice was right in holding that the plaintiff could withdraw his offer and demand the return of his deposit. *Kuzmeskus v. Pickup Motor Co. Inc.*, 330 Mass. 490, 493. *Cruver Manuf. Co. v. Rousseau*, 240 Mass. 168.

■ There was no error prejudicial to the defendant in the justice's treatment of the defendant's requests for rulings which the justice denied. They are set out in the margin together with the action which the justice took with reference to them. The first three requests could not have been given as there was conflicting evidence which, as a matter of law, did not require a finding for the defendant. *Perry v. Hanover*, 314 Mass. 167, 171-172. *Mastercraft Wayside Furniture Co. v. Sightmaster Corp.*, 332 Mass. 383, 388. Rule 27 of the District Courts. The remaining requests were either requests for findings of fact or were rendered immaterial by the findings. *Daniel v. Jardin*, 320 Mass. 764. See also *Liberatore v. Framingham*, 315, Mass. 538, 543, 544.

The defendant seasonably filed a motion for a new trial accompanied by nine requests for rulings. The justice after a hearing denied requests numbered 2 to 9 inclusive and denied the motion for a new trial.

■ The defendant was entitled to pre-

sent these requests with her motion for a new trial but their denial is ground for reversal only if their denial was error. *Haven v. Brimfield,* 345 Mass. 529-533. We see no error. The requests present nothing that was not already raised or could have been raised at the trial. The motion was addressed to the discretion of the justice and there was no error in the denial of the requests. *Kelleher v. Farrell,* 339 Mass. 756, 759.

Nothing is to be gained by quoting the requests. They are lengthy and suggest findings which the justice was not required to make. Essentially they relate to three contentions, (1) that the defendant is not a proper party who can be held liable for the return of the funds, (2) alleged failure on the part of the justice to find when the defendant became liable, and (3) whether the action is for the return of the check or for the proceeds.

The justice in denying the motion for a new trial noted that "The general finding for the plaintiff was intended as a finding for the plaintiff under each count" and held as to Count 1 "that an action for money had and received lies to recover money which should not in justice be retained by the defendant and which in equity and good conscience should be paid to the plaintiff." He also held that "The right to recover does not depend on privity of contract but on the obligation to restore that which the law implies should be returned where one is unjustly en-

riched at another's expense." He cited *Trafton v. Gusteau,* 338 Mass. 305, 308. Finally, he held "Where property belonging to the plaintiff has been reduced to money after it was received by the defendant but before the action is brought money had and received lies." And again he cited *Trafton v. Gusteau,* supra.

We agree with the justice that the rule stated in that case is controlling. There was conflicting evidence from which the justice could find that the offer was revoked the same day it was made. The defendant certified the check on April 16, 1962 and mailed it to the owner who endorsed it and returned it to her. She cashed it on July 17, 1963, nearly a year later. The action was commenced by writ dated August 22, 1963, after the defendant had cashed the check and still had the proceeds in her possession.

As no prejudicial error has been shown the reports should be dismissed.

Hale & Dorr, Robert E. Fast of Boston, for the Plaintiff.

Maurice H. Kramer of Boston, for the Defendant.