Bohn, J.
This is an action in contract in which the plaintiff, Ruth E. Dineen, seeks the return of $600.00 paid to defendant Mildred Barbato as a deposit on a lease for the rental of an apartment owned by the Barbato Realty Trust (“Trust”). In count one of her complaint, filed May 20, 1985, plaintiff seeks recovery for breach of contract or for money had and received. In count two, plaintiff seeks multiple damages for defendants’ alleged unfair and deceptive trade practices in violation of G. L. C.93A; and, in count three, plaintiff seeks *11 damages for the conversion of the $600.00.
•The reported evidence may be summarized as follows: In November, 1984, plaintiff viewed defendants’ apartment which was available for lease at a monthly rental of $600.00. That apartment was located on the third floor of a two-family, owner-occupied building.
On November 12, 1984, the plaintiff completed a rental application on a form supplied to her by the defendants’ rental agent and transmitted the application, with a deposit in the amount of $600.00, to defendant Mildred Barbato. Among other things, the application forwarded by the plaintiff indicated that she would reside in the unit with her seventeen year oldson and a cat.
Subsequently, defendants’ rental agent was advised by defendant Mildred Barbato that her husband was allergic to cats and that, if the plaintiff rented the apartment, she would not be allowed to keep her cat on the premises. When the plaintiff received that information, she withdrew her application and requested the return of her $600.00. The defendant, however, refused to refund the money.
On December 4,1984, the plaintiff wrote to defendant Mildred Barbato and demanded return of her $600.00. Again, the defendant refused to return the deposit.
On March 27, 1985, through an attorney retained for the' purpose of assisting her, plaintiff demanded for the.third time the return .of her $600.00, as well as interest that had accrued, plus compensation in the amount.of $750.00 and attorney’s fees in the amount of $300.00. In response to this demand, defendant Mildred Barbato offered through her counsel to return one-half the deposit. The plaintiff refused the defendant’s offer, and-filed her complaint.
On August 18, 1986, the trial court entered judgment, for the plaintiff on count one in the sum of $600.00, and on count two in the amount of $1,200.00 plus interest, cost and attorneys’ fees in the total sum of $943.00. On August 27, 1986, defendant moved for a new trial, citing alleged inconsistencies in the trial court’s rulings of law. That motion was denied on April 8,1987.
At the conclusion of the evidence and before final argument, the defendant submitted the following six requests for rulings of law:
1. Upon a consideration of the entire evidence, the Court is mandated to rule,as a matter of law, that a sufficiency of evidence exists to posit a finding for the defendants and compels the conclusion that such a finding is sustainable.
GRANTED.
2. Upon a consideration of the entire evidence, the Court is mandated. to rule, as a matter of law, that a sufficiency of evidence exists which compels the Court to conclude .that a finding for the Defendant is warranted.
GRANTED.
3. There is evidence from which, as a matter of law, the Court can find for the Defendant.
GRANTED.
4. The evidence in support of the Plaintiffs clajm is such that,.as a matter of law, the Court can find for the Defendants.
GRANTED.
5. The evidence most favorable to the Plaintiff compels a conclusion that a finding for the Defendants must be sustained.
DENIED.
*12 6. There is evidence sufficient to warrant a finding for the Defendants.
GRANTED, BUT I FIND TO THE CONTRARY.
On appeal, the defendant argues that the trial court’s allowance of requests number one through four and number six is inconsistent with his denial of request number five. In addition, the defendant claims to be aggrieved by the trial court’s ultimate finding, by his award of double damages and attorneys’ fees, apd by his failure to make subsidiary findings of fact.
1. The trial court’s rulings on defendant’s requests are not inconsistent. Requests number one through four and request number six ask the court to rule that a finding for the defendant is “warranted”. It is well settled that th( allowance of a request that the evidence “warrants” a finding in favor of the requesting party is proper where evidence is adduced at trial to support thi requ esting party’s claim or defense. Digesse v. Columbia Pontiac Co., 369 Mass 99, 102 - 104 (1975). Such a ruling, however, is simply an acknowledgement ol evidence in the requesting party’s favor. It does not require the trial court to rule that, as a matter of law, the requesting party is entitled to an ultimate finding. Digesse v. Columbia Pontiac Co., Id; Wood v. Spedoni, 328 Mass. 482, 485 (1952); Strong v. Haverhill Electric Co., 299 Mass. 455, 456 (1938). Arid in the present case, it was not inconsistent for the Court to allow the “warrant” requests sought by defendant while entering ultimate findings for the plaintiff. See Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955); Dangelo v. Farina, 310 Mass. 758, 759 (1942).
2. Similarly, there is no inconsistency between the allowance of defendant’s “warrant” requests and the denial of request number five. In request number five, defendant seeks a ruling that the evidence most favorable to the plaintiff “compels” a judgment for the defendant. To allow this request, the trial judge would have been required to find, as a matter of law, that there was no evidence which could justify theentry of judgment for the plaintiff. Anapolle v. Carver, 327 Mass. 344, 346 (1951). A denial of this requ est, therefore, is neither a commentary on the existence of evidence favorable to the defendant nor does it affect the ability of the trial court to make an ultimate finding for either party. Denial of this request would be inconsistent with the court’s rulings on requests number one through four and his ruling on request number six only if they in effect required a finding for the defendant. Because they were warrant requests, they did not require a finding for the defendant, and the rulings are not inconsistent.
3. Further, there was no error in the trial court’s denial of requested ruling number five as the evidence adequately supports a finding for the plaintiff against defendant Mildred Barbato. The rental application completed by the plaintiff and transmitted to the defendant was an offer to lease which the defendant was free to accept or reject. A contract is not executed until an offer is accepted, Onanian v. Leggat, 2 Mass. App. 623, 630 (1974); and since defendant did not accept the offer to lease as written, there was, in this case, no acceptance and no contract.
Moreover, the defendant did not bind the plaintiff by her counteroffer. The plaintiffs offer to lease contained the conditions that she be allowed to have a cat. When the defendant made a counteroffer by informing the plaintiff that she could lease the apartment but without her pet, she was, in effect, rejecting plaintiffs offer and proposing a new contract. See Peretz v. Watson, 3 Mass. App. 727, 728 (1975) (purported acceptance which varies from the terms of an offer in any material respect is a rejection). The plaintiff did not accept the defendant’s counteroffer. She was entitled to the return of her deposit for the *13 money the defendant had received. Garrity v. Mulhern, 34 Mass. App. Dec. 27 (1965).
4. Similarly, there is no error in the court’s omission of specific findings of fact. Defendant’s reliance on Mass. R. Civ. P., Rule 52 (a) is misplaced. That rule has no application in district court proceedings. Matters before the district court are governed by Dist./Mun. R. Civ. P. 52 (a) which, where relevant, provides that “[i]n all actions tried upon the facts without jury, the court may find the facts specially and [may] state separately its conclusions of law thereon.” [emphasis added]. Dist./Mun. Cts. R. Civ. P., Rule 52 (a).[2] It is the duty of a trialjudge sitting without ajuryin an action at law to make rulings of law in response to proper requests so that the right of review of questions of law may be preserved, and to decide the case by making an ultimate finding of fact. Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 219 (1936); Wrobel v. General Accident Fire & Life Assurance Corp., 288 Mass. 206, 209 (1934). But a district court judge is not required to make special findings of fact. Gosselin v. Silver, 301 Mass. 481, 482 (1938); Castano v. Leone, 278 Mass. 429, 431 (1932). As the Supreme Judicial Court held in Memishian v. Phipps, 311 Mass. 521, 523 (1942),
Though it often may be desirable for the trialjudge voluntarily to make special findings of fact or rulings of law for the information of the parties and the presentation of the real question of law for review ... failure to do so is not error, [emphasis added].
Id. at 523.
Moreover, such a finding is not required by any express provisions of G. L. c.93A. Case law in this Commonwealth establishes the general rule that, in cases brought to recover multiple damages under G. L. c. 93A, ajudge need not make an express finding that a person willfully or knowingly violated the statute as long as the evidence warrants a finding of either. See Service Publications, Inc. v. Goverman, 396 Mass. 567, 578, fn. 13, (1986); Shaw v. Rodman Ford Truck Center, 19 Mass. App. 709, 712 (1985).
5. Defendant’s final argument raises the issue as to whether, as a matter of law, sufficient evidence was produced, if found credible, to enter judgment against The Barbato Trust and John Barbato, Trustee. In the trial court’s report, no fact was stated with respect to either the Barbato Realty Trust or to John Barbato. Consequently, the trial court’s judgment with respect to those defendants cannot, as a matter of law, be sustained. See Acacia Mutual Life Ins. Co. v. Feinberg, 317 Mass. 8, 10 (1944).
6. Accordingly, the trial court’s judgment against defendant Mildred Barbato is affirmed and the report is dismissed with respect to her. The trial cou rt’s findings with respect to John Barbato, Trustee and the Barbato Realty Trust are to be vacated and judgment is to enter for those defendants on all counts.

 Mass. R. Civ. R, Rule 52 (a), provides that “(i]n all actions tried upon the facts without a jury, the Courtsholi find the facts specially and state separatelyits conclusions oflawthereon.... {Emphasis added].”