Lenhoff, J.
These proceedings concern the plaintiff who seeks to recover damages resulting from her purchase of a used car from the defendant Bañas d/b/a Mid-Town Auto Sales, and his employee, the defendant Fountain. The complaint alleges (1) a violation of G.L. c. 93 A, (2) conversion and (3) misrepresentation.
In response thereto, the defendants deny the above-stated allegations.
A summary of the facts reveal that the plaintiff purchased a motor vehicle from the defendant Bañas d/b/a Mid-Town Auto Sales, dealing directly with his employee, defendant Fountain; that the price paid was $4,800; that said purchase took place in August, 1984; that the defendants upon being paid the sales tax and other charges, as part of their service, were to effectuate the vehicle’s transfer and cause the registration of the vehicle to be placed in the name of the plaintiff and obtain an inspection sticker; that the plaintiff was led to believe the vehicle would have minor repairs performed and that same was registered when she took possession; that the plaintiff learned that the transfer of the automobile was not accomplished and it was not registered in November, 1984 nor had it been repaired, - that the plaintiff repeatedly contacted the defendants, making constant inquiry regarding the registration situation; that the vehicle was not registered, as agreed, until July 25,1985, the defendants having delayed the effective date until that time; that in response to the plaintiffs inquiries, she was constantly and continually lied to by misrepresentations being made whereby the mails and the Registry of Motor Vehicles were wrongfully blamed for the failure to register in the plaintiffs name; that during the time the vehicle was not registered, the plaintiff was deprived of its use and her ownership; and, in consequence thereof, the vehicle depreciated $1,000.00, the sum of $477.00 was expended for insurance, funds were expended for substitute transportation and the plaintiff lost wages of $300.00 due to her inability to obtain transportation.
After hearing, the trial court found for the plaintiff on the G.L. c. 93A count and assessed damages in the sum of $2,898.00 doubling same to $57,96.00 after having found that the defendants willfully and knowingly violated the terms *116 and provisions of said Chapter 93A. In addition thereto, the trial court, after hearing thereon, awarded attorney’s fees in the sum of $6,000.00. In its judgment, the trial court disposed of the conversion and misrepresentation counts by giving judgment thereon to the plaintiff but stated therein that no damages were awarded in the light of recovery on the 93A count.
The defendant seasonably filed a motion for a new trial or amendment of judgment, setting forth therein that either a new trial should be granted or the judgment should be amended because the award for attorney’s fees was excessive and the court’s award of damages failed to deduct from “substitute transportation,” the diminished value accorded to the concerned vehicle. After hearing, said motion was denied.
By reason of the foregoing, this matter was caused to be reported to the Appellate Division with the defendants claiming they were aggrieved by (1) the denial of defendants’ request for ruling No. 19[3]; and, (2) by the trial court’s denial of their motion for a new trial or amendment of judgment.
We now consider the defendants’ grievance arising from the denial of their request No. 19 whereby it is asserted that the plaintiff failed to use reasonable means to mitigate her damages.
The law requires that one who suffers damages from a contract breach or a tort take reasonable measure or precautions to mitigate or reduce the damages resulting therefrom. Further, that the failure of a party injured to take or make such reasonable effort doesn’t bar recovery but prevents recovery for damages that might have been avoided. The key word is “reasonable”, and the injured or damaged party does have a duty to keep damages down and as light as possible. The wrong-doer, thus, has the burden to prove and establish failure to lessen damage and that the plaintiff acted in an “unreasonable” manner or did not exercise the efforts of a reasonably prudent person. Quaranto v. Silverman, 345 Mas. 423, 428, Brian v. B. Sopkin & Sons, Inc., 314 Mass. 180, 183 (1943), Fairfield v. Salem, 213 Mass. 296, 297 (1913).
The trial court's record and findings have been closely examined and it appears that said court, in evaluating the evidence, concluded that the defendants failed to sustain the burden of proof. The facts'found disclosed a continuing, on-going course of conduct on the part of the defendants of untruths, lies and misrepresentations, designed and intended to induce the plaintiff to refrain from taking action on her own volition. Though the length of time that elapsed suggests that prudence might have dictated self-help occuring sooner, the repeated assertions made to the plaintiff were found to have dissuaded her from acting in such manner. The trial court apparently found that there was constant urging of the plaintiff by the defendants to remain patient while they attempted to iron out untrue, non-existent difficulties which they wrongfully claimed to have encountered.
As stated previously, the trial court’s findings imply that it held that the defendants failed to sustain their burden to prove mitigation of damages on the part of the plaintiff. This determination was a factual question within the domain of said court and it is not to be set aside if there be credible evidence to support it. Glazier v. Andrews, 349 Mass. 417 (1965).
Hence, we find no error in the trial court’s denial of defendants’ request for ruling No. 19.
Next, we direct our attention to the defendants’ second stated grievance in *117 their motion for a new trial or amendment of judgment that the trial court denied. Said motion sets forth therein two contentions. The first is that the award of attorney’s fees was excessive; and, the second, being that the court’s awarded damages “take no account of the value of the vehicle to.the plaintiff, fail to deduct the plaintiffs cost of use of the vehicle (for instance from the cost of‘substitute transportation’), and award tort damages for contract claims).”
At the outset, we take cognizance that the decision of the trial court regarding a motion for a new trial or amendment of judgment filed pursuant to Dist/Mun. Cts. R. Civ. P., Rule 59, is one of discretion. Galvin v. Welsh Manufacturing Co., 382 Mass. 340, 343 (1981). The denial of such motion is correct unless it is shown that the exercise of discretion was manifestly abused. Reni v. Courtney, 4 Mass. App. Ct. 235 (1976). Further, we note that sub-paragraph (a) of said Rule 59 enables the granting of a new trial to correct a mistake of law affecting the substantial rights of the moving party or to prevent a failure of justice; or, as an alternative course of action, to amend the judgment and cause a new judgment to be entered.
Concerning the first contention that the allowed attorney’s fee was excessive, the defendants have failed to argue same in their brief. Having thus failed in this respect, the Appellate Division need not pass upon this issue. Dist/Mun. Cts. R. of Civ. P., Rule 64 (f). Little v. Ellis, et al, 1988 Mass. App. Div. 12, Reynold v. Pinto, 1986 Mass. App. Div. 7. Such failure to argue in the submitted brief is deemed to be a waiver thereof. Abramowitz v. DiFabio, 1984 Mass. App. Div. 144, 145.
Regarding the second contention, the defendants urge that the trial court’s findings of fact revealing its thought process of assessing damages is incorrect because it failed to deduct “the plaintiffs cost of use of the vehicle from the cost of ‘substitute transportation’.” Stated another way, the trial court found that “The car depreciated $1,000.00 during the period of time that the defendants held control over plaintiffs property.” It is this depreciation, as found by the trial court, that the defendants contend should be deducted from the total damage assessed in view of the fact that $1,100.00 was awarded for “substitute transportation.” Said defendants assign as reason for their contention that the “depreciation of plaintiffs car is not a result of any of the defendants’ wrongful — conduct, but is the normal depreciation of any automobile —.”
In reviewing the defendants’ position regarding the foregoing, this tribunal is aware that damages are to be awarded that result from the actions of a wrong-doer. In doing so, said damages are limited-and confined to the actual loss sustained and no more. Barnard v. Poor, 21 Pick. 378, 380 (1838). This general statement of law, more than 150years old, applies today to damages to be found in Chapter 93A proceedings before the double or treble penalty provision is triggered if found wilful and knowing. Therefore, inthe case at bar, it must be determined whether damages were properly assessed by the trial court. Consequently, we focus solely on the' question raised by the defendants as to whether the said court erred in .adding depreciation found to the damages attributable to “substitute transportation.”
The alleged unfair and deceptive act or-practice consisted, in the main, of misrepresentation plus the improper withholding of titlé to a- motor vehicle from the rightful owner thereof. By such wrongful withholding of title, there is no question that the plaintiff was deprived of the use of the property she purchased for a period of time from November 1984 to July 25, 1985, same being prolonged by the constant, repeated, continuous on-going lies and misrepresentations told by the defendants, or either of them, to the plaintiff to keep and to dissuade her from taking the action she eventually took. In effect, *118 the trial court treated and considered the depreciation of the involved property in the same manner as if it had been converted. Diminution in value and loss of use are thus recoverable. See Welch v. Kosasky, 24 Mass. 402, 404-405 (1987), George v. Coolidge Bank and Trust Co., 360 Mass. 635, 641 (1971).
The trial court’s findings of fact indicate that it assessed damages grounded on foreseeability by the defendants, for one deprived of a motor vehicle would be expected to. obtain “substitute transportation”; and, while deprived of the property purchased, would or should expect that its value either would appreciate or depreciate. In this instant, its value depreciated and was thereby diminished. See Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372 (1988).
It follows that the trial court acted in a proper manner in assessing damages as same where limited and confined to the actual loss sustained by the plaintiff, based on this case’s peculiar facts.
In conclusion, we hold that the trial court’s denial of the defendants’ motion for a new trial or amendment of judgment involved no abuse of discretion, and must stand. Therefore, having found no prejudicial error, the report be and is hereby dismissed.
(We note what appears to be a mathematical error in the addition of the assessed damages. The correct amount, as doubled, should total $5,754.00, not $5,796.00, with assessed attorney’s fee added thereto.)

 The evidence requires a finding that the Plaintiff failed to use remarkable means to mitigate her damages.”